332 S.E.2d 650

**In the Matter of Magistrate Ira WHARTON.**

No. 78–83.

Supreme Court of Appeals of West Virginia.

July 10, 1985.

Charles R. Garten, Charleston, for Judicial Investigation Committee.

Orville L. Hardman, Parkersburg, for Wharton.

PER CURIAM:

This is a judicial disciplinary proceeding instituted by the Judicial Investigation Commission against Ira Wharton, a Magistrate for Wood County.[1] The commission charged Magistrate Wharton with violating Canon 3 A(1), (2), (3) and (4) of the Judicial Code of Ethics.[2] Following a hearing, the

---

1. This case was heard by the Judicial Hearing Board together with a complaint against another Wood County Magistrate. *See In The Matter of Magistrate Margaret Monroe,* 174 W.Va. 401, 327 S.E.2d 163 (1985).

2. Canon 3 A(1)–(4) of the Judicial Code of Ethics provides in full as follows:

*A Judge Should Perform the Duties of His Office Impartially and Diligently*
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office

Judicial Hearing Board recommended that the complaint be dismissed.

In August of 1980, the complainant, Jean Clevenger went to the office of Magistrate Wharton seeking a warrant for the arrest of her husband on a charge of non-support. According to Ms. Clevenger's complaint, the magistrate informed her that he would have to consult with the police chief because Mr. Clevenger was a police officer. Magistrate Wharton denied this allegation, and the Judicial Hearing Board found that the complainant failed to prove, by clear and convincing evidence, that the magistrate mentioned discussing the matter with the police chief.

At the time the complainant appeared before Magistrate Wharton, the policy of the Wood County magistrates was to contact the prosecuting attorney's office prior to issuing an arrest warrant against a police officer. Magistrate Wharton admitted that the purpose of contacting the prosecuting attorney was to determine whether the warrant should be issued. The policy was instituted because of concern generated by warrants previously issued against police officers, without the advice of the prosecuting attorney. The policy has since been abandoned.

The Judicial Hearing Board concluded that Magistrate Wharton committed a "technical violation" of *Code*, 62–1–2 [1965] by contacting the prosecuting attorney's office prior to issuing a warrant. The Board recommended dismissal of the complaint against Magistrate Wharton because he otherwise "performed the duties of his office efficiently and in a professional manner without prejudice to the complainant's rights."

■ Our examination of the findings, conclusions and recommendations of the Judicial Hearing Board is performed in an independent fashion. Syllabus point 1 of *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983) provides: " 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.' Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980)."

■ The standard of proof in a judicial disciplinary proceeding is set forth at Syllabus point 4 of *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983): "Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.' "

■ In *In the Matter of Magistrate Margaret Monroe*, 174 W.Va. 401, 327 S.E.2d 163 (1985), we disapproved of the practice of the Wood County magistrates which required a police investigation prior to the issuance of an arrest warrant. In syl. pt. 3 of *Monroe*, we held:

The determination of whether probable cause exists to support the issuance of an arrest warrant under *W.Va. R.Crim.P.* 4 is solely a judicial function to be performed by the magistrate and is to be based upon the contents of "the

prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
(2) A judge should maintain order and decorum in proceedings before him.
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.

(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

complaint, or from an affidavit or affidavits filed with the complaint."[3]

The *W.Va.R.Crim.P.* were not in effect in August of 1980. *Code,* 62–1–2, however, similarly requires the independent functioning of a magistrate. As with the issuance of search warrants, when a magistrate is making a probable cause determination prior to issuing an arrest warrant, he or she must be neutral, detached, and independent of the office of the prosecutor. *See State v. Dudick,* 158 W.Va. 629, 213 S.E.2d 458 (1975); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). We agree with the Judicial Hearing Board that Magistrate Wharton's contact with the office of the prosecuting attorney prior to issuance of the arrest warrant constituted a violation of *Code,* 62–1–2.

 Syllabus point 2 of *In re Pauley,* 173 W.Va. 475, 318 S.E.2d 418 (1984), provides: "The deliberate failure to follow mandatory criminal procedures constitutes a violation of the Judicial Code of Ethics." We therefore cannot agree with the Judicial Hearing Board that Magistrate Wharton's violation of Code, 62–1–2 was not, *prima facie,* a violation of Canon 3 A(1) and (4) of the Judicial Code of Ethics. Furthermore, it is clear from the record that the practice engaged in by Magistrate Wharton demonstrated partiality in favor of the police department when a member of the public sought a warrant against a police officer and was designed to involve the prosecuting attorney in the probable cause determination. The magistrate's manual emphasizes the policy reasons for maintaining an independent role:

> If constitutional rights are to be preserved, it is essential that the magistrate

avoid becoming a rubber stamp for the police. The magistrate exists as a check on the police officer's power. If the relationship between the officer and the magistrate becomes too informal, this safeguard disappears. As the Supreme Court of Appeals of West Virginia recently stated,

> "(If) a magistrate is so influenced by the police that he becomes a mere agent of the prosecution, the guarantee of an independent evaluation of probable cause is nullified and the State makes a mockery of one of the constitutional rights of its citizens." *State v. Dudick,* [158 W.Va. 629] 213 S.E.2d 458 (1975).

S. Shinaberry, Bench Book for West Virginia Magistrates, at 22 (1979 rev. ed.)

We conclude that the allegations against Magistrate Wharton that he violated Canon 3 A(1) and (4) of the Judicial Code of Ethics were proven by clear and convincing evidence and that he should be publicly censured for engaging in a practice that subverted the independence of his office. There was no evidence of a violation of Canon 3 A(2) or (3).

 Accordingly, this Court hereby publicly censures Magistrate Ira Wharton for violating Canon 3 A(1) and (4) of the Judicial Code of Ethics.[4]

Censured.

---

**3.** The issue of the independent status of the magistrate was not the basis of the complaint against Magistrate Monroe, and was not addressed by either the Judicial Investigation Commission or the Judicial Hearing Board. Failure of Magistrate Monroe to act independently, therefore, did not constitute grounds for disciplinary action.

**4.** Ira Wharton is no longer serving as a magistrate. Our power to discipline members of the judiciary does not terminate when the subject of a disciplinary proceeding leaves office. The Su-

preme Court of Michigan has stated: "Such a holding would mean that at a time when the [Judicial Tenure] [C]ommission has completed its work and we have before us all the information and materials necessary to render judgment, our power to vindicate the integrity of the judiciary could nonetheless be negated by wholly irrelevant occurrences such as the expiration of the judge's term of office, his resignation, or the length of time we take to decide the case." *Matter of Probert,* 411 Mich. 210, 228–9, 308 N.W.2d 773, 780 (1981).