356 S.E.2d 21

**In the Matter of Magistrate Clay HALL.**

**No. 17275.**

Supreme Court of Appeals of West Virginia.

April 1, 1987.

PER CURIAM:

This is an ethics proceeding instigated by the Judicial Investigation Commission against Clay Hall, a former magistrate for McDowell County, West Virginia. In the complaint Magistrate Hall was charged with wrongfully refusing to issue arrest warrants and with wrongfully refusing to allow the withdrawal of a guilty plea entered in his court, in violation of Canon 3A(1) and Canon 3A(4) of the Judicial Code of Ethics. After examining the record, we conclude that Magistrate Hall should have issued the warrants and that he violated the Judicial Code of Ethics when he refused to do so. We accordingly censure him.

On October 22, 1983, Vicki Gillespie contacted Magistrate Clay Hall about obtaining arrest warrants against Bobby L. Adams, Chief of the Davie Police Department, and Patrolman Barry Hale of the Davie Police Department. The two police officers had attempted to stop Mrs. Gillespie's husband as he was driving down a road. When he had refused to stop they pursued him to his home, where, according to Mr. Gillespie, one of the officers had kicked his door in. Magistrate Hall, after hearing Mrs. Gillespie's account of what had happened, refused to issue a warrant. Instead, he referred her to the prosecuting attorney to discuss the matter.

Two days later, on October 24, 1983, Mrs. Gillespie contacted a different magistrate in McDowell County and secured warrants against Adams and Hale. After learning that the warrants had been issued, Officer Hale appeared before Magistrate Hall and obtained a warrant against Mrs. Gillespie, charging her with obstructing a police officer. A warrant was also issued against Mrs. Gillespie's husband.

The warrants against Chief Adams, Officer Hale and Mr. Gillespie were assigned to Magistrate Hall for hearing. On July 5, 1984, Mrs. Gillespie appeared in Magistrate Hall's court for a hearing on the charges brought against her husband, Mr. Gillespie. Prior to the hearing, Officer Hale's attorney, Joseph A. Colosi, met with the Gillespies. After the meeting the Gillespies indicated that they had reached an agreement with Hale's attorney whereby it was agreed that Mr. Gillespie would plead guilty to the misdemeanor offense of battery, and according to some evidence in the case, it was recommended that a small fine be imposed against him and that no jail term be imposed.

Magistrate Hall accepted the guilty plea which Mr. Gillespie subsequently entered. On the following day, however, Mr. Gillespie attempted to withdraw the plea. Magistrate Hall refused to allow the withdrawal and instead advised Mr. Gillespie that the proper procedure was for him to appeal his conviction to the circuit court.

In the complaint instituting the present proceeding, the Judicial Investigation Commission charged that in refusing to issue warrants against Chief Adams and Patrolman Hale, Magistrate Hall violated duties imposed upon him by Canon 3 of the Code of Judicial Ethics. The Commission also alleged that the failure of Magistrate Hall to allow the withdrawal of the guilty plea constituted a violation of the same canon.

After conducting hearings in this matter, the Judicial Hearing Board concluded that the evidence failed to demonstrate that Magistrate Hall improperly refused to issue the warrants against Chief Adams and Patrolman Hale. It also concluded that the evidence failed to show clearly and convincingly that Magistrate Hall acted improperly in accepting the guilty plea against Mr. Gillespie and in refusing to set it aside.

■ It should be noted that Magistrate Hall resigned his office as magistrate of McDowell County effective November 30, 1985. Since his resignation he has moved from the State of West Virginia and he now lives outside this State. This fact, however, does not affect this Court's au-

thority to inquire into the propriety of Magistrate Hall's conduct. *See,* note 4, *Matter of Wharton,* 175 W.Va. 348, 332 S.E.2d 650 (1985).

 The Judicial Hearing Board has recommended that the complaint against Magistrate Hall be dismissed. In spite of the Hearing Board's recommendation, it is incumbent upon this Court to make an independent evaluation of the record in cases of this nature. *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980).

Clearly, "The deliberate failure to follow mandatory criminal procedures constitutes a violation of the Judicial Code of Ethics." Syllabus point 2, *In re Pauley,* 173 W.Va. 475, 318 S.E.2d 418 (1984).

In *Matter of Wharton, supra,* this Court recognized that it is a mandatory duty of magistrates to determine whether probable cause exists for the issuance of arrest warrants. That duty requires that a magistrate make probable cause determinations in a neutral and detached manner, independent of police authorities and the office of the prosecutor. In *Wharton* the Court concluded that a magistrate should not consult with police authorities prior to making a probable cause determination. Such action, especially when a police officer is involved, detracts from the neutrality of the magistrate, demonstrates partiality in favor of the police, and tends to involve the prosecuting attorney in the probable cause determination.

In the *Wharton* case this Court concluded that the magistrate violated Canon 3A(1) of the Judicial Code of Ethics when he deferred ruling on the probable cause issue and instead involved other authorities in the determination. Canon 3A(1) requires that: "A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism."

We believe that in the case presently under consideration Magistrate Hall's action in refusing to allow the withdrawal of Mr. Gillespie's guilty plea involved a question of judgment which cannot serve as a ground for disciplinary action. *See West Virginia Judicial Inquiry Commission v. Dostert, supra.* We also believe, however, that in failing to conduct a probable cause determination on Mrs. Gillespie's oral complaint, but instead, in referring her to the prosecuting attorney for consultation, Magistrate Hall violated Canon 3A(1) of the Judicial Code of Ethics, and that he, like Magistrate Wharton, should be publicly censured for his acts.

It is therefore Adjudged and Ordered that Magistrate Clay Hall be, and he hereby is, publicly censured for his failure to act in an appropriate and independent manner upon Mrs. Vicki Gillespie's oral complaints against Chief Bobby L. Adams of the Davie Police Department and Patrolman Barry Hale of the Davie Police Department.