**STATE, Plaintiff, v. REID, Defendant.**

Municipal Court, Findlay.

No. 4303. Decided April 8, 1958.

R. J. Rinebolt, Asst. Solicitor, for the state.
Robert E. Fuller, for defendant.

## OPINION
By BOPE, J.

The Defendant, who is the Fire Chief of the Village of Arcadia, Ohio, appeared in answer to a complaint filed by Patrolman F. M. Smith, Ohio State Highway Patrol, charging him with violating the Traffic Code on February 1st, 1958 at 2:40 P. M., while operating an emergency vehicle, a fire truck, on Hancock County Road No. 236, by failing to yield the right of way to another vehicle in obedience to a stop sign erected on said road at its intersection with U. S. Highway No. 224.

The facts are not in dispute. The location described is in Marion Township of this county and within the territory of this court. The defendant was on his way to a fire in response to an alarm, and actually in sight of the burning building. Although he was outside the limits of his municipality, his village had a contractual obligation to furnish fire protection in this territory and the defendant was in the performance of his duty. The two roads involved are straight and level at this point and intersect at right angles, and each is substantially within the view of motorists on the other for a distance of several hundred feet from the intersection. The defendant was driving south on the county road at about 45 m. p. h. with flashing red lights turned on, and his helper, Gardner, turned on the siren about a quarter mile from the intersection. Both saw another car coming from the east on Route 224 and they reduced speed, then observing the other car reduce its speed also, they thought it was going to stop, and the defendant continued on at about 25 m. p. h. The other car did not stop, and the vehicles collided in the intersection.

Complainant cites Section 3 of the Traffic Code (§4511.03 R. C.), which reads as follows:

"The driver of any emergency vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

It will be noted that this section does not define any offense but states an exception to §4511.43 R. C., which requires all other vehicles to stop in obedience to a stop sign at an intersection and to yield the right of way to vehicles which are not obliged to stop. It may be queried whether the defendant violated the conditions of this exception in the instant case and thereby lost his privilege. It is a sufficient answer that the affidavit does not charge him with failure to slow down or with failure to proceed cautiously and with due regard for the safety of other persons; and in truth the complainant had only circumstantial evidence in this case to support either of such charges, had they been made.

On the other hand the defendant cites in his brief §4511.45 R. C., reading as follows:

"Upon the approach of an emergency vehicle, equipped with at least one flashing red light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle and the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right of way, immediately drive to a position parallel to, and as close as possible to, the edge or curb of the highway clear of any intersection, and stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a police officer.

*     *     *     *     *

"This section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway."

It should be observed that the vehicles which collided in this case approached one another not head-on but at right angles, the defendant's fire truck from the other driver's right. In these circumstances the defendant contends that the duty to yield the right of way was not upon the fire truck but upon the other driver, who violated it. The other driver was not charged with a violation, and technically speaking the court is not required to pass upon this contention, except as it amounts to a confession and avoidance of the principal charge. As such it becomes important, for §4511.45 R. C., spells out the conditions under which the drivers of emergency vehicles may exercise the privilege conferred by §4511.03 R. C. These conditions have been discussed in two recent cases reported from other Municipal Courts: **City of Dayton v. Brennan** (1952), **64 Abs 525**, and **Butler and Insurance Company v. Ramsey** (1954), **67 Abs 484** (Middletown Municipal Court). As pointed out in these decisions, the vehicle claiming the privilege (1) must qualify as an emergency vehicle as defined in §4511.01 **(D) R. C.**, (2) it must be equipped with a flashing red light or lights as described in the statute, and with a siren, exhaust whistle or bell, (3) both signals must be in operation, light flashing and audible signal working, and (4) the driver must be proceeding with due regard for the safety of other persons and property upon the roadway. The last requirement is generally interpreted to mean ordinary care.

In a criminal case the burden of proof, beyond a reasonable doubt, is upon the State. The defendant is presumed to be innocent until proven guilty. One of the methods of proof is by admissions against interest: here the defendant admitted he drove past the stop sign and did not yield the right of way. His defense is that he was privileged to do so, under the statute discussed above. This is an affirmative defense, the burden of proving which is on him, by a preponderance of the evidence. As trier of the facts, I am satisfied that he has done so. The only point which gives me any trouble is whether or not his signals were working at the time of and immediately before the collision. He testified that his lights were flashing, and his siren turned on about a quarter mile back. There was no evidence that they were turned off. I think it is a reasonable inference that they were still operating.

Case dismissed and defendant discharged, at the costs of the State.