THE STATE OF OHIO *v.* JONES.

(No. 88 TRD 3696A — Decided November 23, 1988.)

Gallipolis Municipal Court.

*Douglas M. Cowles,* city solicitor, for plaintiff.
*James A. Bennett,* for defendant.

JOSEPH L. CAIN, J. This matter came on for trial this 16th day of November, 1988. The court heard oral testimony and received several exhibits at the trial. In addition several motions were made. The court reserved its ruling on a motion to dismiss by defendant concerning the institution of these proceedings.

At this time the court overrules the motion to dismiss on the issue as to who can file a complaint. This court believes a private citizen has a right to file a complaint pursuant to statutory authority, *i.e.,* R.C. 2935.09.

The court now turns its attention to the merits of this case. The facts can be briefly summarized as follows:

(1) The defendant, Roy L. Jones, is a member of the Guyan Township Fire Department.

(2) The defendant was on a valid emergency run to put out a fire.

(3) The vehicle was properly equipped with lights and a siren.

(4) The defendant passed a stopped school bus on the way to the emergency.

(5) The defendant in passing the stopped school bus proceeded slowly and with due caution. No injuries occurred as to persons or property.

(6) The defendant ignored the stopped school bus, but drove the vehicle with due regard for the safety of persons and property.

(7) A complaint was filed against the defendant for passing a stopped school bus.

The court in its review of R.C. 4511.75 cannot find a case directly on point in which the issue of an emergency vehicle passing a stopped school bus has been litigated. Therefore, it is necessary for this court to review the background of the law as it relates to the matter to come to its decision.

A general overview of the law as it relates to emergency vehicles is set forth in 7A American Jurisprudence

2d (1980), Automobiles and Highway Traffic, Section 208, at 383-384, wherein it states as follows:

"Statutory provisions in most jurisdictions expressly give emergency vehicles responding to an emergency call the right of way over other vehicular traffic, and exempt them generally from the operation of traffic regulations or rules of the road. For example, statutes or ordinances regulating the speed of motor vehicles frequently exempt from their operation police and fire department vehicles in emergency situations. There is authority to the effect that even without an express exemption, traffic regulations, including those relating to speed, are inapplicable to police or fire department vehicles while on active duty, or other vehicles engaged in emergency governmental service, and that a violation of traffic regulations while such vehicles are on active duty does not give rise to *criminal* liability if the care which is exercised for the safety of others is reasonable under the circumstances." (Emphasis added and footnotes omitted.)

The only legal article that this court could find relating to this matter is found in Annotation (1962), 82 A.L.R. 2d 312. The cases can be summarized as follows:

"In general, the privilege of an operator of a fire department vehicle to ignore customary traffic regulations depends upon a statute or ordinance. * * *

"In some instances fire vehicles are specifically exempted from some traffic regulations but not from others. A majority of the courts have held that where such a vehicle is not exempted from a particular regulation, its operator is, nonetheless, excused from obeying its mandate." (Footnotes omitted.) *Id.* at 320.

The above authorities outline the general law as it relates to emergency vehicles operating upon the highways. However, to fully decide this case it is necessary to review the statutes of Ohio and the court decisions in regard to them.

R.C. 4511.75(A) provides in part as follows:

"The driver of a vehicle * * * upon meeting or overtaking from either direction any school bus stopped for the purpose of receiving or discharging any school child * * * shall stop at least ten feet from the front or rear of the school bus and shall not proceed until such school bus resumes motion, or until signaled by the school bus driver to proceed."

In contrast to the above section there are several sections of law relating to emergency or public safety vehicles.

R.C. 4511.03 provides as follows:

"The driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

R.C. 4511.01(E)(4) defines "public safety vehicle," as applicable herein, to mean:

"Vehicles used by fire departments, including motor vehicles when used by volunteer firemen responding to emergency calls in the fire department service when identified as required by the director of highway safety."

It is clear by this statute that a fire vehicle is a public safety vehicle and therefore is exempted from certain traffic violations under R.C. 4511.03.

Additionally, R.C. 4511.45 provides in part as follows:

"Upon the approach of a public safety vehicle, * * * the driver of every

other vehicle shall yield the right of way * * * and stop and remain in such position until the public safety vehicle has passed * * *."

Finally, R.C. 4511.452(A) provides:

"Upon the immediate approach of a public safety vehicle * * * every pedestrian shall yield the right-of-way to the public safety vehicle."

It is presumed that the General Assembly enacts legislation which is constitutional and not in conflict with other sections of law. Therefore, it is incumbent upon a court, when it interprets the law, to read the statutes *in pari materia,* that is, in such a way that any conflict can, if possible, be resolved.

A literal reading of R.C. 4511.75, the statute dealing with stopping for a school bus, indicates that every vehicle should stop. However, it is clear that a public safety vehicle has an exemption based on R.C. 4511.03, as to stopping, and in fact, based on R.C. 4511.44 and 4511.452, has preference to every other vehicle or person because a vehicle or pedestrian must yield to the public safety vehicle.

This court has found several cases wherein the operator of a public safety vehicle has been prosecuted for violating a stop sign. For example, in *Canton* v. *Snyder* (1958), 168 Ohio St. 69, 5 O.O. 2d 313, 151 N.E. 2d 15, the Supreme Court of Ohio affirmed the judgment of the court of appeals which reversed a verdict of guilty of a volunteer fireman who had run a stop sign while on an emergency run. The court explicitly pointed out:

"This is concededly a test case, and the question for decision is to what extent a volunteer fireman is covered by Sections 4511.01(D) [emergency vehicle] and 4511.03, Revised Code, when he disregards a municipal traffic ordinance in responding to an emergency call." *Id.* at 70, 5 O.O. 2d at 313, 151 N.E. 2d at 15.

Clearly the Supreme Court of Ohio gave its approval to the right of an emergency or public safety vehicle to ignore a stop sign as long as the public safety vehicle proceeded with caution and due care.

The case of *State* v. *Reid* (M.C. 1958), 79 Ohio Law Abs. 475, 156 N.E. 2d 510, is also relevant. In that case, the village fire chief was charged with failure to yield the right-of-way to another vehicle in obedience to a stop sign while operating his fire truck. The fire chief proved by a preponderance of evidence that he was privileged to so act by virtue of R.C. 4511.03 and 4511.45, which permit the driver of an emergency vehicle (R.C. 4511.01[D]), when responding to an emergency call, to proceed cautiously past a red light, stop sign or signal with due regard for safety of other persons using the street or highway.

It is clear that the traffic charges in both of these cases were dismissed.

By way of analogy, this court would apply these cases to this particular case. The primary design of R.C. 4511.75 is to insure that the motoring public stop for a school bus while children are being received or discharged. The court concludes that R.C. 4511.01(E), 4511.03 and 4511.45 authorize a public safety vehicle to disregard stopping for a school bus (R.C. 4511.75[A]) as long as the public safety vehicle proceeds with due care and regard to the safety of persons or property. To hold otherwise would cause these statutes to be in clear conflict. Additionally, this court cannot conclude that the legislature was carving a special exception for school children entering or leaving school buses because it is clear there could be just as many school children crossing an intersection as being received or discharged from school buses and the

legislature, it has been seen, has authorized a public safety vehicle to enter an intersection in disregard of a stop sign. It would be incongruous to this court to believe that the legislature intended this public safety vehicle to stop for a school bus in the rural section of the county in discharging one child.

This court can understand the concern of the parent with respect to her child. However, this court must apply the law as it has been interpreted.

Therefore, the court concludes that this defendant did not operate his vehicle with any undue care and acted properly. Therefore, it is ordered, adjudged and decreed that a verdict of not guilty be entered against the defendant, Roy L. Jones.

*Case dismissed and defendant discharged.*