The STATE of Ohio, Appellee,

v.

WOLFFRAM, Appellant.

[Cite as *State v. Wolffram* (1989), 62 Ohio App.3d 749.]

Court of Appeals of Ohio,
Clermont County.

No. CA89–05–029.

Decided Sept. 11, 1989.

*Donald W. White*, Prosecuting Attorney, and *Timothy E. Schneider*, for appellee.

*Ely & True* and *Richard P. Ferenc*, for appellant.

YOUNG, Presiding Judge.

On February 14, 1989, defendant-appellant, Richard Wolffram, was driving his employer's pickup truck on Route 131 in Clermont County. He was one car behind a school bus driven by Polly Cornwell. The bus stopped at the intersection of Route 131 and Hutchinson–Newtonsville Road to discharge one of its passengers. Upon seeing the bus stop ahead of him, appellant turned to his right into a parking lot, drove through the lot and then turned right onto Hutchinson–Newtonsville Road.

At the time appellant passed to the right of the bus, Cornwell had turned on the flashing lights, extended the stop arm, and was discharging a pupil from the bus. When she saw appellant's vehicle move adjacent to the bus, she radioed to a fellow driver that someone had just passed her bus. She then made her usual right turn onto Hutchinson–Newtonsville Road and was directly behind appellant's truck.

Based upon information provided by Cornwell and two other drivers in the vicinity, appellant was subsequently charged with violating R.C. 4511.75, which reads, in part:

"(A) The driver of a vehicle, streetcar, or trackless trolley upon meeting or overtaking from either direction any school bus stopped for the purpose of receiving or discharging any school child or person attending programs offered by community boards of mental health and county boards of mental retardation and developmental disabilities shall stop at least ten feet from the front or rear of the school bus and shall not proceed until such school bus resumes motion, or until signaled by the school bus driver to proceed."

After a trial before the Clermont County Court on March 8, 1989, appellant was found guilty of violating R.C. 4511.75 and fined $100 plus costs. Appellant then perfected this appeal, alleging as his sole assignment of error that

"The defendant-appellant's conviction of violating Ohio Revised Code Section 4511.75 is against the manifest weight of the evidence."

Appellant argues that his action in driving through the parking lot next to Route 131 did not result in his either meeting or overtaking the school bus so that consequently he did not violate R.C. 4511.75. He asserts that this court's obligation to strictly interpret the statute in favor of the accused will not allow a finding that appellant violated the statute.

We believe that R.C. 4511.75 is meant to cover the type of situation described in these facts and so must affirm the trial court's decision. The state presented sufficient evidence to show appellant overtook the bus in violation of the statute. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304.

While we agree with appellant that he did not "meet" the bus, since doing so would have required him to be driving toward, rather than away from, the bus, we cannot agree that he did not "overtake" the bus by driving adjacent to it on the parallel lot. Appellant quotes the dictionary definition of "overtake" as "to catch up with in traveling or pursuit, draw even with or pass another vehicle." Although appellant denies that this was what he did, we cannot see how, by driving immediately adjacent to the bus while it was discharging children, and by then passing the front of the bus, he did not "overtake" the bus within the definition of R.C. 4511.75.

In enacting the statute requiring vehicles to come to a halt where a school bus is receiving or discharging pupils, the legislature recognized the important policy of protecting school children from the dangers of surrounding traffic. *Columbus v. Refice* (Sept. 11, 1986), Franklin App. No. 86AP–108, unreported, 1986 WL 9997; *State v. Jones* (C.P.1988), 44 Ohio Misc.2d 35, 37, 541 N.E.2d 1100, 1102. Underlying this policy is the recognition that "we do not know what a child will do when he gets off a bus regardless of where he resides." *Refice, supra.* We agree with the state in this case that the statute was intended to create a "zone of safety" surrounding the bus so that children can enter and exit the bus without undue risk of harm.

It appears to this court that were we to apply R.C. 4511.75 as strictly as appellant urges, it would be all too easy for a vehicle wishing to overtake a school bus to do so without acting illegally. For example, following appellant's reasoning that a driver is required to be on a public roadway before he would actually be capable of overtaking a bus under the statute, the law—and the bus—could be circumvented by pulling off onto the shoulder or grassy berm of the roadway. Such a result is clearly ludicrous, yet we cannot see how, under these facts, the act of appellant substantially differed from that of a driver pulling onto the shoulder of the road.

It is our understanding that when a school bus stops to receive or discharge children, an imaginary line extends in front of the bus in either direction

beyond which other vehicles may not go. How far the line actually extends is determined by statute (R.C. 4511.75[C]—driver approaching from opposite direction on four-lane highway need not stop for school bus) or by the individual facts of a case (see *Jones, supra,* which held an emergency vehicle may disregard R.C. 4511.75 as long as it proceeds with due care). We determine under the facts of the case at bar that appellant crossed that line. Appellant's sole assignment of error is thus overruled.

*Judgment affirmed.*

HENDRICKSON, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

In order to affirm the trial court's conviction in this cause, the majority presents a factual scenario not supported by the record, upon which it relies to reach an illogical conclusion that appellant "overtook" the school bus. To buttress its position, the majority then without authority creates a "zone of safety" around the bus, a zone without definition or limits, and does so without the benefit of any demonstrated legislative intent.

This writer has no less concern for the safety of our school children than my brothers on the bench, but I cannot concur in what I perceive to be an inappropriate application of the statute to the facts presented in this cause.