425 S.E.2d 566

**David C. HARMAN, Magistrate for Mineral County, Petitioner,**

v.

**Honorable Andrew N. FRYE, Jr., Judge of the Twenty–First Judicial Circuit, Respondent.**

No. 21233.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 1992.

Decided Dec. 15, 1992.

**612**

John M. Hedges, Charleston, for petitioner.

No appearance for respondent.

McHUGH, Chief Justice:

In this original proceeding in mandamus, David C. Harman, Magistrate of Mineral County, seeks to have this Court compel the Circuit Court of Mineral County to appoint a special prosecutor in a cross-warrant action involving private citizens' complaints. Magistrate Harman also requests in his petition that this Court modify Rule 3 of the *Rules of Criminal Procedure for the Magistrate Courts of West Virginia,* and declare that private citizen criminal complaints for both misdemeanor and felony cases be approved by an attorney for the state or investigated by the appropriate law enforcement agency before being presented to a magistrate for a probable cause determination.

I.

The facts underlying this original proceeding in mandamus involve the filing of cross-warrants for battery. Following a dispute, Jessie Sions filed a private citizen complaint against Randy Montgomery in the Magistrate Court of Mineral County, and an arrest warrant for battery was issued for Mr. Montgomery. Later, based on the same incident, Mr. Montgomery filed a private citizen complaint in magistrate court against Mr. Sions and, upon his complaint, an arrest warrant for battery was issued for Mr. Sions.

An investigation of the charges was conducted by the Mineral County Sheriff's Department at the request of the prosecuting attorney's office. The prosecuting attorney's office ultimately concluded, upon completion of the investigation and review of the sheriff department's written report, that both charges were potentially valid. The prosecuting attorney's office then sought a continuance in magistrate court so that a special prosecutor could be obtained to prosecute one of the cross-warrants because of the possible conflict the prosecuting attorney may face in dealing with both sides of the cross-warrants.

Subsequent to the prosecuting attorney's request that the circuit court appoint a special prosecutor, the circuit court entered an administrative order directing the magistrate to proceed on both criminal cases without a prosecuting attorney representing the state on either side. The magistrate then petitioned this Court for direction on how to proceed with these cross-warrants with no prosecuting attorney. This Court issued a rule against the respondent, the Honorable Andrew N. Frye, Jr., directing him to show cause why a peremptory writ of mandamus should not be awarded as prayed for in the petition.

Shortly after this Court issued a rule to show cause in this proceeding, a second administrative order was entered by the circuit court providing, among other things, that no magistrate of the Twenty–First Judicial Circuit shall issue any felony warrants upon a citizen complaint, "without first having the matter investigated by some law enforcement authority in the county involved." In response to this order, the magistrate again petitioned this Court to amend the petition for a peremptory writ and to also take action with regard to citizen complaints generally. This Court entered an order on June 24, 1992, amending the rule to show cause. An amicus brief was filed by William C. Forbes, prosecuting attorney for Kanawha County, on behalf of the State of West Virginia. An amicus brief was also filed by William J. Neal, Magistrate of Cabell County.

## II.

## PRIVATE CITIZEN COMPLAINTS

This case presents this Court with the complex and troublesome issue of whether private citizens should be required to present a criminal complaint for both felony and misdemeanor cases to the prosecuting attorney[1] or the appropriate law enforcement agency before the matter is presented to a magistrate for the issuance of a summons or complaint. The petitioner and the state, in its amicus brief, urge this Court to adopt a procedure requiring private citizens to first present criminal complaints to the prosecuting attorney or the appropriate law enforcement agency to determine if there is sufficient evidence to present the matter to the magistrate for a probable cause determination and the issuance of a warrant or summons. At the outset, we would like to emphasize that the term "private citizens" does not include law enforcement officers.

The filing of criminal complaints before a magistrate is governed by Rule 3 of the *West Virginia Rules of Criminal Procedure*,[2] which provides: "**Rule 3. The Complaint.** The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate." The procedure for filing criminal complaints is also governed by Rule 3 of the *Rules of Criminal Procedure for the Magistrate Courts of West Virginia*:

**Rule 3. Complaint.** The complaint is a written statement of the essential facts

constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate, in the county where the offense is alleged to have occurred, by any person showing reason to have reliable information and belief. If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

This Court has previously addressed the power of a private citizen to institute criminal proceedings before a magistrate under *W.Va.R.Crim.P.* 4(a).[3] In *In re Monroe*, 174 W.Va. 401, 327 S.E.2d 163 (1985),[4] we specifically disapproved of a procedure whereby the magistrate required a police investigation prior to a finding of probable cause and the issuance of an arrest warrant in felony cases. We recognized that "a police investigation is not a prerequisite to the issuance of an arrest warrant under *W.Va.R.Crim.P.* 4(a)[,]" and that "[a]lthough a police investigation may coincidentally be conducted, such an investigation does not provide the legal basis for a finding of probable cause." 174 W.Va. at 405, 327 S.E.2d at 167. We held in syllabus point 3:

The determination of whether probable cause exists to support the issuance of an arrest warrant under *W.Va. R.Crim.P.* 4 is solely a judicial function to be performed by the magistrate and is to be based upon the contents of 'the

---

1. By using the term "prosecuting attorney," we include any attorney who, on behalf of the state, represents the public interest in criminal prosecutions.

2. *See W.Va.Code*, 62–1–1 [1965].

3. *W.Va.R.Crim.P.* 4(a) provides:

   **Rule 4. Arrest Warrant or Summons Upon Complaint.** (a) *Issuance.* If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall be issued to any officer authorized by law to arrest persons charged with offenses against the state. The magis-

trate may restrict the execution of the warrant to times during which a magistrate is available to conduct the initial appearance. Within the discretion of the magistrate a summons instead of a warrant may be issued. More than one warrant or summons may be issued on the same complaint. If a defendant fails to appear in response to the summons, a warrant shall be issued.

4. *In re Monroe* involved a complaint filed with the Judicial Investigation Commission by an individual who was the subject of an arrest warrant. The Judicial Investigation Commission filed formal charges against the magistrate, but we ultimately held that the magistrate followed the proper procedures in issuing the arrest warrant.

complaint, or from an affidavit or affidavits filed with the complaint.'

*See also* syl. pt. 3, *In re Wharton*, 175 W.Va. 348, 332 S.E.2d 650 (1985).[5]

However, despite the disapproval we expressed in *In re Monroe*, the case before us has brought to our attention the misuse of the procedure allowing citizens to file criminal complaints without any investigation by the prosecuting attorney or the appropriate law enforcement agency, and the administrative disorder which has resulted therefrom. Therefore, notwithstanding our holding in *In re Monroe*, we deem it necessary to reevaluate the rule allowing private citizens to file criminal complaints for misdemeanors and felonies without any investigation by the prosecuting attorney or the appropriate law enforcement agency. As part of our analysis of the rule allowing citizens to file misdemeanor and felony complaints, we shall review the various procedures for filing criminal complaints followed on both the federal and state levels.

## A.

### Federal Criminal Complaints

*W.Va.R.Crim.P.* 3 is the same as Rule 3 of the *Federal Rules of Criminal Procedure. Fed.R.Crim.P.* 3 provides: **"Rule 3. The Complaint.** The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate."

On the federal level, because the prosecution of criminal cases is controlled by the United States in federal courts, there has been a great reluctance to allow private

citizens to file a criminal complaint. *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81 (2d Cir.1972) (in federal system, crimes are always prosecuted by federal government, not by private citizens); *New York v. Muka*, 440 F.Supp. 33 (N.D.N.Y.1977) (private citizen has no right to prosecute a federal crime); *United States v. Bryson*, 434 F.Supp. 986 (W.D.Okla.1977) (prosecution of criminal actions in federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys, and private citizens have no right to institute such criminal procedures); *United States v. Panza*, 381 F.Supp. 1133 (W.D.Pa.1974) (private citizen is not entitled to file complaint before a United States Magistrate); 1 Charles Alan Wright, *Federal Practice and Procedure*, Criminal 2d § 42 (1982). Usually, if a private citizen seeks to file a complaint, the magistrate refers the matter to the United States Attorney. *Pugach v. Klein*, 193 F.Supp. 630 (S.D.N.Y.1961); 1 Mark S. Rhodes, *Orfield's Criminal Procedure Under the Federal Rules* § 3:7 (2d ed. 1985).

In *United States ex rel. Savage v. Arnold*, 403 F.Supp. 172, 174 (E.D.Pa.1975),[6] the United States District Court for the Eastern District of Pennsylvania explained that the role of the federal government in enforcing criminal statutes and prosecuting criminal cases necessitates the preclusion of criminal complaints by private citizens:

> The courts that have faced the issue have concluded that the essential role of

---

**5.** *In re Wharton* involved a judicial disciplinary proceeding wherein we held that the magistrate, who contacted the prosecuting attorney prior to issuing an arrest warrant against a police officer, failed to act independently and involved the prosecuting attorney in the probable cause determination.

**6.** Citing 8 *Moore's Federal Practice* § 3.05 at p. 3–7 (in effect in 1975), the district court observed that "[a]lthough a private citizen is not barred by the Rules from instituting a complaint before a magistrate, he may not do so as a matter of right." 403 F.Supp. at 174. Further citing Professor Moore, the court pointed out

the problems that would result from a contrary rule:

> The broader issue which this presents is the scope of the government's control over the prosecution of crime. It would avail a private citizen little to have his complaint accepted by the magistrate—and perhaps even have the accused arrested and bound over—only to have the matter die because of the prosecutor's refusal to present the case to the grand jury. Theoretically, the grand jury could be induced to act, but even here the prosecutor might be able effectively to obstruct the filing of an indictment.

*Id.*

the government (i.e. the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens. See, *Keenan v. McGrath*, 328 F.2d 610 (1st Cir.1964); *Pugach v. Klein*, 193 F.Supp. 630, 637 (S.D.N.Y.1961). Rather than permit private complaints to be filed, it has been suggested that such matters be referred to the United States Attorney. *Brown v. Duggan*, supra, [329 F.Supp. 207] at 210 [ (W.D.Pa.1971) ]. In fact, this is the specific practice recommended by the Judicial Conference of the United States:

> 'In all cases ... where a private citizen complains, it is a good practice, since the burden of prosecution will fall on the United States Attorney's office, that the complainant should be referred to the United States Attorney before a complaint is filed, at least in absence of an emergency requiring immediate action of the commissioner.' Manual for United States Commissioners, 5 (1948).

(footnote omitted).

Finally, another reason to preclude a private citizen from filing criminal complaints at the federal level was succinctly stated by the District Court for the Northern District of New York in *Muka:* "[A] criminal prosecution is brought on behalf of the United States as a whole, rather than to vindicate private rights[.]" 440 F.Supp. at 36.

Thus, our review of federal court decisions reveals an overwhelming preference at the federal level to preclude private citizens from filing criminal complaints because of the controlling role of the United States Attorneys in prosecuting federal criminal cases.

## B.

### State Criminal Complaints

Although federal courts have consistently held that private citizens may not file criminal complaints before the federal magistrates, there is not a uniform rule at the state level regarding a citizen's right to initiate criminal proceedings. For example, some states have a specific rule providing that a citizen may not commence private prosecutions for alleged violations of criminal law, *State ex rel. Wild v. Otis*, 257 N.W.2d 361 (Minn.1977), *cert. denied*, 434 U.S. 1003, 98 S.Ct. 707, 54 L.Ed.2d 746 (1978) (Rule 2.02 of the Minnesota Rules of Criminal Procedure),[7] whereas other states have interpreted a statute or rule as allowing a criminal complaint to be filed by a private citizen, *State v. Murphy*, 99 Idaho 511, 584 P.2d 1236 (1978)[8] (Idaho Code § 19–501),[9] and *State v. Jones*, 44 Ohio Misc.2d 35, 541 N.E.2d 1100 (Mun.Ct.

---

7. Rule 2.02 of the Minnesota Rules of Criminal Procedure provides:

   .A complaint shall not be filed or process issued thereon without the written approval, endorsed on the complaint, of the prosecuting attorney authorized to prosecute the offense charged, unless such judge or judicial officer as may be authorized by law to issue process upon the offense certifies on the complaint that the prosecuting attorney is unavailable and the filing of the complaint and issuance of process thereon should not be delayed.
   In *Wild*, the Supreme Court of Minnesota found that Rule 2.02
   is in accord with A.B.A. Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function (Approved Draft, 1971), § 2.1, which provides: 'The prosecution function should be performed by a public prosecutor who is a lawyer subject to the standards of professional conduct and discipline.'

257 N.W.2d at 364.

8. In *Murphy*, the Supreme Court of Idaho held that a private citizen may file a criminal complaint if the magistrate, after investigation, is satisfied that the offense has been committed.

9. Idaho Code § 19–501 (1969) provides: **"Definition of Complaint.**—The complaint is the allegation in writing, made to a magistrate, that a person has been guilty of some designated public offense." We point out that, in 1980, Idaho adopted Rule 3 of the Idaho Criminal Rules, which provides:
   The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate. Except as otherwise provided by law or rule, all criminal proceedings shall be initiated by complaint or indictment and prosecuted thereafter by complaint, indictment or information as hereinafter provided by these rules.

1988)[10] (Ohio Rev.Code § 2935.09).[11]

The American Bar Association, in its comment to Standard 3–2.1[12] of the *American Bar Association Standards for Criminal Justice* (Supp.1986), has discouraged the practice of allowing private citizens to initiate criminal proceedings:

> In a few jurisdictions a private party may institute criminal proceedings without the authorization or approval of the prosecuting attorney. When a check is not provided by the participation of a public prosecutor, however, there is danger of the vindictive use of the criminal law process. . . .
>
> Private prosecution, . . . should be distinguished from the process available in some jurisdictions whereby a private citizen may file a complaint *if the prosecutor refuses to act.* It is often argued that a private citizen should have this right if the prosecutor refuses to proceed. Against this view *it is said that efficient prosecution requires the participation of a trained prosecutor at the initial stage of decisions on prosecution.* This standard is not intended to discourage the adoption of a system under which a complainant may move for prosecution before a magistrate when a prosecutor has declined to proceed, *provided this right is limited to significant criminal conduct and provided that the actual conduct of the case is by a public prosecutor.*

(emphasis added) (footnote omitted).

The number of state courts which have addressed, at any length, the issue of whether a private citizen should be allowed to bring a criminal complaint before a magistrate court without the approval of the prosecuting attorney or law enforcement agency is limited. *See* Herbert B. Chermside, Jr., Annotation, *Power of Private Citizen to Institute Criminal Proceedings Without Authorization or Approval by Prosecuting Attorney*, 66 A.L.R.3d 732 (1975). In *State ex rel. Wild v. Otis*, 257 N.W.2d at 365, the Supreme Court of Minnesota found that permitting private citizens to commence and maintain a criminal prosecution "would entail grave danger of vindictive use of the processes of the criminal law and could well lead to chaos in the administration of criminal justice." In ruling that a private citizen may not commence and maintain private prosecutions for alleged violations of the criminal law, the court identified potential remedies available to a private citizen when a local prosecutor refuses to approve a complaint. First, the Court pointed out that the citizen can appear before the grand jury and try to persuade it to indict (under Minn.R.Crim.P. 18.04). Next, the Court stated that the citizen could petition the district court, pursuant to Minn.Stat. § 388.12 (1968), and the court could appoint a special prosecutor if it deemed that it was necessary. The court further opined that the citizen could petition the governor, pursuant to Minn.Stat. § 8.01 (1977), who then might order the attorney general to commence prosecution.[13] Finally, the court stated that another potential remedy would be mandamus, although the court pointed out that the

---

**10.** In *Jones,* the Municipal Court of Ohio ruled that a citizen has the right to file a criminal complaint under Ohio Rev.Code Ann. § 2935.09 (Anderson 1987), but the court did not discuss the reasons for its ruling.

**11.** Ohio Rev.Code Ann. § 2935.09 (Anderson 1987) provides:

**§ 2935.09 Accusation by affidavit to cause arrest or prosecution.**

In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney.

**12.** Standard 3–2.1 provides: "The prosecution function should be performed by a public prosecutor who is a lawyer subject to the standards of professional conduct and discipline."

**13.** We do not agree with the Supreme Court of Minnesota that petitioning the governor is a viable remedy to a private citizen when the prosecuting attorney refuses to initiate criminal proceedings.

decision to prosecute is discretionary and may be beyond the scope of mandamus.

In *State v. Rollins,* 129 N.H. 684, 533 A.2d 331 (1987), the Supreme Court of New Hampshire recognized that the common law does not preclude institution and prosecution of certain criminal complaints by private citizens. The court observed that any prosecution of a citizen's complaint would be subject to the authority of the attorney general or appropriate county attorney to enter *nolle prosequi.* However, in reference to the class of criminal actions that citizens may prosecute without the approval of the prosecuting attorney, the court cited *State v. Gerry,* 68 N.H. 495, 38 A. 272, 273–74 (1896), which stated:

> By the common law of the colony no one could be subjected to a trial for any criminal offense beyond the jurisdiction of a justice of the peace, except upon an indictment returned by a grand jury in cases of felony, or in the case of misdemeanors, on such indictment, *or upon an information filed by the attorney general....*
>
> In the case of misdemeanors, the requirement of an information filed by a sworn public officer, learned in the law, who has no motive 'other than to protect and promote the public interest' ..., and *whose duty it is as much to secure the innocent from persecution as to prosecute the guilty, affords a protection against unfounded and malignant charges at least equal to that afforded by the grand jury in the case of felonies.*

(emphasis added). Thus, it appears that the *Gerry* court envisioned the role of the prosecuting attorney as including the duty to prevent the initiation of criminal proceedings involving "unfounded and malignant charges."

Perhaps the best discussion of the reasons to preclude private citizens from filing criminal complaints is found in *People v. Municipal Court,* 27 Cal.App.3d 193, 103 Cal.Rptr. 645 (1972), a case relied upon by the petitioner. At issue in that case was the authority of a private individual to institute criminal proceedings with approval of a judge or magistrate but without approval or authorization from the district attorney.[14]

In *People v. Municipal Court,* the Court of Appeals first emphasized the role of the district attorney in criminal cases. The court pointed out that article VI, section 20 of the California Constitution requires that "[t]he style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and *by their authority."* 103 Cal. Rptr. at 650 (emphasis in original). The Court further noted that, under Gov.Code, § 26500, the district attorney is required to "attend the courts, and conduct on behalf of the People *all* prosecutions for public offenses." *Id.* (emphasis added). The court found that the jurisdiction of the district attorney included the power to control the initiation of criminal proceedings. The court included that "[t]he procedure permitting private individuals to institute criminal proceedings without approval of the district attorney ... improperly impairs the discretion of the district attorney[.]"[15] 103 Cal.Rptr. at 653.

The court in *People v. Municipal Court* also considered in its analysis the due process rights of those charged, which the court believed are more readily protected by the initiation of criminal complaints by the district attorney rather than by private individuals. The court, quoting *Taliaferro v. Locke,* 182 Cal.App.2d 752, 6 Cal.Rptr. 813, 816 (1960), stated:

**14.** In *People v. Municipal Court,* some residents were shooting fireworks in front of their homes when a man drove his car down the street honking his horn and flashing his headlights. Two of the residents ran after the car because they believed he was driving too fast and causing a danger to their children. When the man stopped his car, the two residents apparently assaulted him.

**15.** The court was also concerned that the authority to dismiss a criminal proceeding after it had been commenced had, by the enactment of certain code provisions, been taken away from the district attorney and placed with the courts.

'As concerns the enforcement of the criminal law the office of district attorney is charged with grave responsibilities to the public. These responsibilities demand integrity, zeal and conscientious effort in the administration of justice under the criminal law.... Nothing could be more demoralizing to that effort or to efficient administration of the criminal law in our system of justice than requiring a district attorney's office to dissipate its effort on personal grievance, fanciful charges and idle prosecution.'

Thus the theme which runs throughout the criminal procedure in this state is that all persons should be protected from having to defend against frivolous prosecutions and that one major safeguard against such prosecutions is the function of the district attorney in screening criminal cases prior to instituting a prosecution.

103 Cal.Rptr. at 654.

In summary, the state courts, whose decisions we have reviewed above, have expressed strong concerns that private citizens not be allowed to use the criminal complaint procedure as a retaliatory measure to prosecute personal grievances, and that individuals be protected from having to defend against frivolous or vindictive prosecutions. These courts have recognized that the prosecuting attorney, by initiating all criminal proceedings, can screen private citizen complaints and protect individuals from being prosecuted for unfounded or retaliatory charges.

### III.

The petitioner in the present case has identified the problems which have resulted from allowing citizens to file criminal complaints before a magistrate without the approval of the prosecuting attorney or law enforcement officers. First, citizens can misuse the right to file a criminal complaint before a magistrate by exaggerating the facts or omitting relevant facts they disclose to the magistrate so as to transform a noncriminal dispute into a crime. The magistrate, who must remain neutral, is not in the same position as the prosecuting attorney or law enforcement officers to ascertain whether all of the relevant facts have been disclosed accurately. Furthermore, some citizens may also seek to file frivolous, retaliatory or unfounded complaints against a neighbor or family member. When citizens file criminal complaints before the magistrate which later prove to be frivolous, retaliatory or unfounded, the prosecuting attorney is required to take the time to investigate the complaint before moving a *nolle pros* to dismiss.[16] The time and expense of having the prosecuting attorney investigate a frivolous, retaliatory or unfounded complaint *after* a warrant or summons has already been issued could be avoided if citizens are required to bring their complaint first to the prosecuting attorney before the complaint is brought before the magistrate. Moreover, additional time and expense are also incurred when either the public defender or an attorney-at-law must be appointed to represent indigent persons against whom frivolous, retaliatory or unfounded charges have been filed. *See W.Va.Code,* 29–21–9 [1990]. Although those charges may subsequently be dismissed, the expenses of the public defender or court-appointed counsel for defending such persons will still have to be paid. Finally, allowing citizens to file criminal complaints before a magistrate interferes with the discretion of the prosecuting attorney in the control of criminal cases.

Our analysis of whether a private citizen should have a right to file a criminal complaint leads us to the conclusion that the prosecuting attorney, who is charged with the duty of prosecuting all state criminal offenses, should also screen criminal complaints before they are presented to the magistrate. The role of the prosecuting

16. We pointed out in *State ex rel. Skinner v. Dostert:* "[T]he prosecutor has a duty to investigate the facts of written citizen complaints, even those inartfully drawn, before moving a *nolle pros* to dismiss the cause. This investigation will necessitate a review of the evidence which will commonly require meaningful communication with a victim or a complaining witness." 166 W.Va. 743, 753, 278 S.E.2d 624, 631 (1981).

attorney in initiating and prosecuting criminal cases in West Virginia has been set forth in *W.Va.Code*, 7–4–1 [1971], which provides, in relevant part:

> It shall be the duty of the prosecuting attorney to attend to the criminal business of the State in the county in which he is elected and qualified, and when he has information of the violation of any penal law committed within such county, *he shall institute and prosecute all necessary and proper proceedings against the offender* [.]

*See* syl. pt. 4, *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624 (1981).

In *State ex rel. Skinner v. Dostert*, this Court explained the duties of prosecuting attorney:

> The prosecuting attorney is the constitutional officer charged with the responsibility of *instituting prosecutions* and securing convictions on behalf of the State of those who violate the criminal law. W.Va. Const. art. 9, § 1; W.Va. Code § 7–4–1 (1976 Replacement Vol.); *State v. Britton*, 157 W.Va. 711, 203 S.E.2d 462 (1974). He is charged with the duty of prosecuting *all* crimes, one class of which is misdemeanors. *Moundsville v. Fountain*, [27 W.Va. 182 (1885).]

166 W.Va. at 750, 278 S.E.2d at 630 (emphasis added). Furthermore, we recognized in syllabus point 2 of *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979): "The prosecuting attorney is a constitutional officer who exercises the sovereign power of the State at the will of the people and he is at all times answerable to them. W.Va. Const., art. 2, § 2; art. 3, § 2; art. 9, § 1."

We further believe that private citizens should also bring criminal complaints to law enforcement officers for assistance in determining whether there is sufficient evidence to present the matter to the magistrate for a probable cause determination and the issuance of a warrant or summons. Police officers are trained to know what evidence is necessary to bring a case before a magistrate for a probable cause determination and a warrant or summons.[17] In many cases, especially felony cases, police officers' involvement is immediate because private citizens will usually contact the police first when any crime has been committed. In the proper performance of their duty, the police officers will conduct an investigation of the complaint. Moreover, police officers will be available more often than prosecuting attorneys to respond to private citizen complaints. Thus, law enforcement officers are, in many instances, involved in the determination of whether or not there is sufficient evidence to present the complaint to the magistrate, or whether the complaint is merely retaliatory or unfounded.

Thus, it appears that a rule requiring the prosecuting attorney to evaluate or the proper law enforcement agency to investigate citizens' criminal complaints before such matters are presented to the magistrate for a probable cause determination provides a more effective administration of criminal law under our justice system for several reasons. First, prosecuting attorneys institute criminal proceedings on behalf of the State of West Virginia as a whole, rather than to vindicate private rights. *See New York v. Muka, supra.* Furthermore, by having an impartial prosecuting attorney screen criminal complaints or having law enforcement officers assist prosecuting attorneys by investigating such complaints before they are presented to a magistrate, individuals can be protected from having to defend against charges which are unfounded, vindictive or frivolous, and the prosecuting attorney's office can be spared the time and expense of prosecuting such charges. Moreover, if private citizens are no longer permitted to file criminal complaints before a magistrate, the problem of citizens racing to the courthouse to file unfounded or retaliatory

---

17. For example, police officers often have to make determinations as to whether probable cause exists to make an arrest when the facts and circumstances within the knowledge of the officer are sufficient to warrant a prudent person in believing that a crime has been committed. Syl. pt. 1, *State v. Drake*, 170 W.Va. 169, 291 S.E.2d 484 (1982).

charges and counter-charges against each other could be avoided. Finally, private citizens have not undergone the same professional training as prosecuting attorneys or law enforcement officers nor are they subject to the same rules of professional conduct and discipline which are imposed on prosecuting attorneys and law enforcement officers. *See generally State ex rel. Skinner v. Dostert,* 166 W.Va. at 750–52, 278 S.E.2d at 630–32. There is a presumption that prosecuting attorneys and law enforcement officers will perform their duties with integrity, and will evaluate or investigate these criminal complaints fairly and skillfully.

Thus, we conclude that private citizens should submit their criminal complaints to the prosecuting attorney for evaluation or to the appropriate law enforcement agency for investigation before such complaints are presented to the magistrate for a probable cause determination. We emphasize that the evaluation of private citizen criminal complaints by a prosecuting attorney or the investigation of such complaints by a law enforcement agency before presenting such complaints to a magistrate shall in no way affect the judicial function to be performed by the magistrate in making a probable cause determination. We are adopting a rule requiring either the prosecuting attorney to evaluate private citizen complaints or the appropriate law enforcement agency to assist the prosecuting attorney by investigating such criminal complaints prior to presenting them to a magistrate to: (1) protect citizens from the issuance of warrants based on frivolous, retaliatory or unfounded complaints; (2) avoid the time and expense of having such complaints prosecuted; and (3) to foster a more effective and efficient administration of our criminal justice system.

### Exceptions

There are certain cases where citizens will still be able to file a criminal complaint before a magistrate without first presenting it to the prosecuting attorney or the appropriate law enforcement agency. We recognize that the legislature has the authority to enact legislation to allow private citizens to file complaints in certain cases. Clearly, in this opinion, we are in no way attempting to preclude the legislature from enacting such legislation in the future. Instead, we are recognizing those statutory provisions which already allow citizens to file complaints without first presenting them to the prosecuting attorney or the appropriate law enforcement agency.

First, in cases involving domestic violence, the right of an abused party to appear before the magistrate is preserved under *W.Va.Code,* 48–2A–4(a) [1992].[18] The legislature has clearly stated its intent to allow abused parties to present complaints to the magistrate, and a party who has suffered abuse has a statutory right to file a petition under *W.Va.Code,* 48–2A–4(a) [1992]: "(a) No person shall be refused the right to file a petition under the provisions of this article. No person shall be denied relief under the provisions of this article if she or he presents facts sufficient under the provisions of this article for the relief sought."

Another area where a citizen's right to file a complaint would be preserved involves the issuance of a worthless check. Citizens have a statutory right, under *W.Va.Code,* 61–3–39a [1977], to file complaints for the issuance of a worthless check. *W.Va.Code,* 61–3–39f [1977] specifically provides, in relevant part:

> [A] complaint for warrant for violations of section thirty-nine-a [§ 61–3–39a] of this article need not be made upon oath before a magistrate but may be made upon oath before any magistrate court clerk or other court officer authorized to administer oaths or before a notary public in any county of the State and may be delivered by mail or otherwise to the magistrate court of the county wherein venue lies.

The legislature has most likely given citizens the right to file a complaint for the

---

**18.** We note that the circuit courts and the magistrate courts have concurrent jurisdiction over domestic violence proceedings. *W.Va.Code,* 48–2A–3 [1992].

issuance of worthless checks because of the volume of these types of cases.

Thus, where there is a specific statutory exception, citizens would not be prevented from filing a complaint under the rule we adopt in this opinion.

## IV.

■ In summary, based upon the discussion above, we conclude that, except where there is a specific statutory exception, a magistrate may not issue a warrant or summons for a misdemeanor or felony solely upon the complaint of a private citizen without a prior evaluation of the citizen's complaint by the prosecuting attorney or an investigation by the appropriate law enforcement agency. Following such evaluation by the prosecuting attorney or investigation by the appropriate law enforcement agency, the prosecuting attorney shall institute all necessary and proper proceedings before the magistrate, and, in suitable cases, law enforcement officers may obtain warrants and assist private citizens in obtaining the warrant or summons from the magistrate. To the extent *In re Monroe*, 174 W.Va. 401, 327 S.E.2d 163 (1985), is inconsistent with our holding in this case, it is overruled. Our holding in this case shall take effect April 1, 1993.

■ By adopting a rule that would require citizens to bring their complaints first to the prosecuting attorney or the appropriate law enforcement agency, private citizens are not left without a remedy if the prosecutor refuses to initiate criminal proceedings. As pointed out by the petitioner, this Court has specifically recognized that, pursuant to *W.Va. Const.* art. III, § 17, by application to the circuit judge, any person may go to the grand jury to present a complaint to it. *State ex rel. Miller v. Smith*, 168 W.Va. 745, 285 S.E.2d 500 (1981). The court pointed out in *State ex rel. Miller v. Smith* that under *W.Va. Const.* art. III, § 17, "[t]he courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." 168

W.Va. at 752, 285 S.E.2d at 504. Citing *State ex rel. Skinner v. Dostert*, 166 W.Va. at 752–53, 278 S.E.2d at 631, the Court stated:

'As criminal offenses are offenses against the State which must be prosecuted in the name of the State, W.Va. Code § 62–9–1 (1977 Replacement Vol.); *Moundsville v. Fountain*, 27 W.Va. 182 (1885), the prosecutor, as the officer charged with prosecuting such offenses, has a duty to vindicate the victims and the public's constitutional right of redress for a criminal invasion of rights. The "spirit of law" has long been and it has been long held that "[t]he public has rights as well as the accused, and one of the first of these is that of redressing or punishing their wrongs." *Ex parte Santee*, 2 Va.Cas. (4 Va.) 363 (1823).'

168 W.Va. at 752–53, 285 S.E.2d at 504 (citation omitted). The Court stated that the grand jury must be open to the public as a matter of constitutional right, and if it is only available to the prosecuting attorney with all complaints passing through him or her, then "the grand jury can justifiably be described as a prosecutorial tool." 168 W.Va. at 753, 285 S.E.2d at 504.

Thus, we reaffirm our holding in syllabus point 1 of *State ex rel. Miller v. Smith*, 168 W.Va. 745, 285 S.E.2d 500 (1981): "By application to the circuit judge, whose duty is to insure access to the grand jury, any person may go to the grand jury to present a complaint to it. W.Va. Const. art. 3, § 17."

## V.

## CROSS–WARRANTS AND SPECIAL PROSECUTOR

Finally, we must address whether the circuit court erred in ordering the cross-warrants in the present case to proceed without the prosecuting attorney. The petitioner's main argument against the circuit court's administrative order which directed that no prosecutor was needed to prosecute the cross-warrants is that the prosecuting attorney is charged with the duty of prosecuting *all* crimes, including misdemeanors.

**622**

*State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 278 S.E.2d 624 (1981); *W.Va.Code,* 7–4–1 [1971]. This Court implies in *Skinner* that the circuit court cannot tell the prosecuting attorney what cases he or she can prosecute before the magistrate court. 166 W.Va. at 753–54, 278 S.E.2d at 632.

The petitioner's second point with respect to this issue is that Rules 1.7 to 1.10 of the *Rules of Professional Conduct* impose ethical limitations on a prosecuting attorney's communications and relationship with alleged victims/defendants on both sides of a cross-warrant criminal proceeding. The petitioner, therefore, maintains that the appointment of a special prosecutor is essential to avoid a potential conflict of interest.

We agree with the petitioner on this issue. The prosecuting attorney, as we have recognized above, is charged with the duty of prosecuting criminal cases. Furthermore, the prosecuting attorney has discretion in prosecutorial decisions and may use that discretion in determining what charges to bring against an accused. *See State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984). By ordering that no prosecutor prosecute this case, the circuit court has precluded the prosecuting attorney from fulfilling his statutory duties. Moreover, the circuit court, by ordering that the case proceed without a prosecutor, was in effect asking the magistrate to serve not only as judge, but also as prosecutor. Clearly, the magistrate cannot act as both.

█ We hold that criminal cases involving the issuance of cross-warrants must be prosecuted by the prosecuting attorney, who is charged with the duty under *W.Va. Code,* 7–4–1 [1971] of instituting and prosecuting all necessary and proper criminal proceedings against offenders, and, in cases where it would be improper for the prosecuting attorney or his assistants to act, by a competent attorney who is appointed to act under *W.Va.Code,* 7–7–8 [1987].

Therefore, we conclude that the circuit court erred in ordering the case to proceed without a prosecutor, and in refusing to appoint a special prosecutor. Thus, a writ of mandamus shall be issued by this Court compelling the circuit court to allow the case to proceed with a prosecutor and to appoint a special prosecutor.

Finally, we order that our holding directing magistrates not to issue a warrant or summons based solely upon a private citizen complaint, except where there is a statutory exception, without the prior evaluation of the complaint by the prosecuting attorney or investigation by the appropriate law enforcement agency shall be effective April 1, 1993.

Writ granted.