# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Paul Amos,**
**Defendant Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1064** (Harrison County 12-C-320)

**Leonard Van Courtney,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gary Paul Amos, by counsel Patrick F. Roche, appeals the Circuit Court of Harrison County's "Order Granting Plaintiff's Renewed Motion for Summary Judgment," entered on August 2, 2013, in which the court ruled that that petitioner had no claim to a piece of real property that had been previously transferred to respondent. Respondent Leonard Van Courtney, by counsel James C. West, Jr., filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal involves the grant of summary judgment to respondent in a civil action he filed against petitioner and Frances L. Rabens-Weaver ("Weaver") to quiet title to a piece of farm property ("the property") consisting of approximately 115 acres in Harrison County. Respondent's present suit followed a prior suit[1] that he filed on May 4, 2010, against Weaver to enforce an oral agreement between him and Weaver from 2004. In the prior suit, respondent alleged that in 2004, Weaver agreed to convey the property to him upon his payment of a loan that Weaver took out to purchase the property and the required taxes thereon. On May 5, 2010, respondent filed a *lis pendens* regarding the property.

The case between respondent and Weaver proceeded to a jury trial and resulted in a verdict for respondent. The jury determined that there was a binding agreement between respondent and Weaver, and that Weaver held legal title to the property subject to her obligation to convey the property to respondent when respondent fulfilled his end of the 2004 agreement. On May 4, 2012, the Circuit Court of Harrison County entered a Judgment Order affirming the jury's verdict. Weaver did not appeal the Judgment Order to this Court.

---

[1]There were actually two civil actions, case numbers 10-C-162-1 and 10-C-167-1 that were consolidated by the circuit court.

1

Thereafter, in July of 2012, after respondent established that he fulfilled his end of the agreement with Weaver, the circuit court ordered that a deed be executed conveying the property from Weaver to respondent. Respondent's counsel was appointed special commissioner and was directed to prepare the deed from Weaver to respondent pursuant to the 2004 agreement. This deed was recorded on July 23, 2012.

Central to the dispute in the present case is a deed that was recorded in the Harrison County courthouse on June 18, 2012, in which Weaver purportedly conveyed the property to petitioner on August 21, 2009. While the parties dispute the validity of this deed, it is undisputed that it was not recorded until June 18, 2012.[2] Respondent filed the present suit to quiet title to the property.

When petitioner filed his answer to respondent's present suit, he also alleged two counterclaims. First, petitioner sought declaratory judgment that he was a bona fide purchaser of the property, and thus, his claim to the property was superior to respondent's claim. Second, petitioner alleged that respondent slandered petitioner's title by filing the *lis pendens* in 2010. In April of 2013, petitioner sought leave to supplement his counterclaim to allege that respondent engaged in abuse of process.[3]

Following discovery, the circuit court granted respondent's renewed motion for summary judgment. The circuit court ruled, in pertinent part, that (1) petitioner and Weaver have no estate, right, lien, or interest in the property; (2) the deed purportedly conveying the property to petitioner in 2009 is null and void and shall not be a cloud on respondent's title;[4] and (3) petitioner and Weaver are permanently enjoined from asserting any claim to the property adverse

---

[2]In the present case, the circuit court found it undisputed that petitioner knew that Weaver and respondent operated businesses together and that their relationship ended contentiously. In addition, the court found that petitioner knew in 2009 that Weaver and respondent had a "falling out," but that respondent continued to reside on the property. Petitioner also knew that respondent filed the *lis pendens* regarding the property in 2010, and therefore, knew of the litigation between respondent and Weaver. Nonetheless, petitioner made no attempt to join that suit or otherwise assert his claim to the property by virtue of the purported 2009 deed. Lastly, the depositions in this case revealed that, despite petitioner's current position that Weaver no longer owned the property after the purported August 21, 2009, conveyance, Weaver contended throughout the 2010 litigation with respondent that the property was hers.

[3]The basis of petitioner's "Motion for Leave to file a Supplemental Counterclaim" was that he, Weaver, and Leigh Ann Holt (petitioner's daughter who typed the purported 2009 deed) were arrested by the West Virginia State Police and charged with obtaining property by false pretenses for their role in the preparation and recording of the purported 2009 deed. The disposition of these criminal charges is not apparent from the record.

[4]The court did not address respondent's assertion that the purported 2009 deed was fraudulent. Rather, the court ruled that petitioner was not a bona fide purchaser and that he failed to timely assert his claim to the property.

2

to respondent's interest. In its order granting summary judgment to respondent, the circuit court also dismissed petitioner's counterclaims and denied his motion for leave to file his abuse of process counterclaim. This appeal followed.[5]

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of law." Syl. Pt. 3, *Aetna Cas. and Sur. Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). This Court reviews the grant of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Petitioner raises five assignments of error. First, he argues that the circuit court erred in ruling that he was not a bona fide purchaser of the property. Petitioner contends that despite the fact that respondent was in possession of the property in 2009, Weaver told petitioner that respondent was merely her tenant. In Syllabus Point 4 of *Pocahontas Tanning Co. v. The St. Lawrence Boom & Mfg. Co.,* 63 W.Va. 685, 60 S.E. 890 (1908), this Court held:

> If one has knowledge or information of facts sufficient to put a prudent man on inquiry, as to the existence of some right or title in conflict with that which he is about to purchase, he is bound to prosecute the same, and to ascertain the extent of such prior right; and, if he wholly neglects to make inquiry, or, having begun it, fails to prosecute it in reasonable manner, the law will charge him with knowledge of all facts that such inquiry would have afforded.

We believe that the circuit court correctly analyzed the material facts and properly determined that petitioner had sufficient notice of respondent's claim to the property, and yet he made no inquiry. Specifically, the circuit court found that petitioner knew that Weaver and respondent operated businesses together and that their relationship ended contentiously; that petitioner knew in 2009 that Weaver and respondent had a "falling out," but that respondent continued to reside on the property; and that petitioner knew that respondent filed the *lis pendens* regarding the property in 2010, and therefore, knew of the litigation between respondent and Weaver. However, petitioner made no attempt to join that suit or otherwise assert his claim to the property by virtue of the purported 2009 deed.

Moreover, even if petitioner was a bona fide purchaser of the property in 2009, he still only would acquire the interest that Weaver had, which was subject to the 2004 agreement with respondent. This is the crux of petitioner's second assignment of error wherein petitioner argues that the circuit court erred by relying on our holding in *Wellman v. Tomblin,* 140 W.Va. 342, 344, 84 S.E.2d 617, 619 (1954). In *Wellman,* we held that "[a] deed which purports to convey a greater right or interest in real property than the person making it may lawfully convey shall operate as an alienation of such right or interest in such real property as such person might lawfully convey." 140 W.Va. at 344, 84 S.E.2d at 619 (quoting West Virginia Code § 36-1-10). *Wellman* involved a grantor who, at the time of the conveyance to grantee, did not own the subject property. Petitioner believes *Wellman* is not applicable and argues that in the present

---

[5]Weaver has made no appearance in this appeal.

case, respondent's equitable claim is inferior to petitioner's status as a bona fide purchaser without notice.

We disagree that *Wellman* is inapplicable to the present case. The grantor in *Wellman* owned only a one-half undivided interest in the property he conveyed to the grantee. Sometime later, the grantor acquired the remaining one-half interest, and grantee made claim to the entire interest. We held that because the deed did not convey grantor's future interest, he could only convey what he owned at the time of the conveyance. This holding applies to the present case because petitioner could have only received the interest that Weaver held, nothing more. And, that interest was subject to Weaver's 2004 agreement with respondent as confirmed by the jury in the prior civil action.

Petitioner's third assignment of error is that the circuit court erred in determining that petitioner's claim was barred by the doctrine of laches.[6] The circuit court ruled that even if petitioner was a bona fide purchaser, his present claim to the property is barred by laches because he knew of respondent's litigation in 2010 and failed to intervene or take any action to assert his claim to the property then. The elements of laches are (1) unreasonable delay and (2) prejudice. *See generally Ryan v. Rickman,* 213 W.Va. 646, 649, 584 S.E.2d 502, 505 (2003).

In the present case, the circuit court correctly ruled that, even if the 2009 deed was valid, petitioner sat on his claim for approximately three years. The circuit court cited Syllabus Point 5 of *Laurie v. Thomas,* 170 W.Va. 276, 294 S.E.2d 78 (1982), in which we held:

> "Where a party knows his rights or is cognizant of his interest in a particular subject-matter, but takes no steps to enforce the same until the condition of the other party has, in good faith, become so changed, that he cannot be restored to his former state if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right. This disadvantage may come from death of parties, loss of evidence, change of title or condition of the subject-matter, intervention of equities, or other causes. When a court of equity sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief." Syllabus Point 3, *Carter v. Price*, 85 W.Va. 744, 102 S.E. 685 (1920); Syllabus Point 2, *Mundy v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454 (1980).

Further, we disagree with petitioner that respondent was not prejudiced by the unreasonable delay. The prejudice to respondent is that respondent was forced to engage in additional litigation -- the present case -- to clear his title. The issues addressed in the present case could have been resolved in the 2010 case had petitioner timely exerted his interest.

Fourth, petitioner argues that the circuit court erred by dismissing his counterclaims. Petitioner asserts that because the circuit court erred in granting summary judgment for

---

[6]We note that given our decision on petitioner's first and second assignments of error, his third becomes irrelevant. Summary judgment for respondent would stand even if the circuit court erred with respect to its laches analysis.

respondent, his counterclaims should not have been dismissed. We disagree. Petitioner's counterclaims are intertwined with the summary judgment ruling. Because we agree with the circuit court that summary judgment for respondent was proper, petitioner's counterclaims must also fail. Petitioner has no interest in the property; therefore, his complaint for declaratory judgment and slander of title necessarily fail.

In his final assignment of error, petitioner argues that the circuit court erred by denying his motion for leave to supplement his counterclaim to allege abuse of process for instituting the criminal charges. We see no error on this point. We have held that only law enforcement officers and prosecuting attorneys, not private citizens, can file criminal complaints. *See Harmon v. Frye,* 188 W.Va. 611*,* 425 S.E.2d 566 (1992). In this case, the criminal complaints were filed by the State Police, not respondent. Furthermore, as with petitioner's fourth assignment of error, sustaining petitioner's prospective abuse of process claim is logically inconsistent with the grant of summary judgment for respondent, which we find to be proper.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5