433 S.E.2d 541

**STATE of West Virginia ex rel. Cindy WALLS, Petitioner Below, Appellee,**

**v.**

**Patricia NOLAND, as a Magistrate of Jefferson County, and Michael D. Thompson, as Prosecuting Attorney, Respondents Below,**

**Patricia Noland, as a Magistrate of Jefferson County, Appellant.**

No. 21495.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1993.

Decided July 16, 1993.

Robert R. Skinner, Charles Town, for appellee.

John M. Hedges, Charleston, for appellant.

BROTHERTON, Justice:

The appellant, Magistrate Patricia A. Noland of Jefferson County, West Virginia,[1] appeals from a writ of prohibition granted by the Circuit Court of Jefferson County, ordering that she halt proceedings against the appellee, Cindy Walls, on four pending worthless check charges.

Cindy Walls was charged with four counts of issuing worthless checks in violation of W.Va.Code § 61–3–39a *et seq.* Complaints filed in magistrate court described four checks which were drawn on Cindy Walls' account with Dominion Federal Savings & Loan Association and payable in varying amounts to Barnhart's grocery store. The complaints allege that Walls unlawfully issued and delivered these checks to Barnhart's in February, 1991, in exchange for groceries and cash. The dishonored checks were filed with the complaints. Information stamped and written on each check indicates that the checks were dishonored because the "account does not exist."

The complaints were prepared on magistrate court forms which conform to the language of and provide the information required under W.Va.Code § 61–3–39f. The payee under these bad checks made the complaints under the required oath before a magistrate court clerk, as permitted by W.Va.Code § 61–3–39f.

Based upon the four complaints, warrants for Walls' arrest were issued by a Jefferson County magistrate between February 25 and March 12, 1991. On March 4, 1992, Walls filed a petition for a writ of prohibition in which she alleged that the warrants were void because (1) the complaints did not contain a statement showing probable cause for the issuance of the warrants, and (2) the complaints were not

sworn before a magistrate or other judicial officer.

In the circuit court proceedings, the parties stipulated that the complainants appeared before a magistrate court clerk and gave sworn testimony on the worthless-check allegations. It was further stipulated that the subsequent warrants issued by the Jefferson County magistrates were based solely upon the sworn complaints and the original checks which were tendered to the magistrate court clerk.

After two hearings on the petition, the Circuit Court of Jefferson County issued a letter opinion on June 1, 1992, and entered a final order on June 11, 1992. The lower court ordered that the warrants be dismissed and concluded that W.Va.Code § 61–3–39a *et seq.* is unconstitutional because it "permits the issuance of a warrant of arrest upon an information or complaint which is merely conclusory in nature and sets forth only the statutory elements of the offense and ... permits such complaint to be sworn to before a non-judicial officer...."

■ The appellant now appeals from the June 11, 1992, final order and argues that the circuit court erred when it ruled that W.Va.Code § 61–3–39f was invalid because it permitted conclusory complaints which set forth only the statutory elements of the worthless check offense. For the reasons set forth below, we agree that the lower court erroneously concluded that the statutory complaint form in W.Va.Code § 61–3–39f allows worthless check arrest warrants to be issued upon inadequate information.

"The principal function of a complaint 'is as a basis for an application for an arrest warrant.' " *Gaither v. United States*, 413 F.2d 1061, 1076 (D.C.Cir.1969).[2] "The complaint is a written statement of the essential facts constituting the offense charged." W.Va.R.Crim.P. 3 and R.Crim.P. for the Mag.Cts. of W.Va. 3. West Virginia Code § 61–3–39f (1992) sets

---

**1.** Jefferson County Prosecutor, Michael D. Thompson, was also named as a respondent in the circuit court action below.

**2.** *See* 8 J.W. Moore, *Federal Practice* § 3.02[1].

forth the following complaint form for worthless check violations:

A complaint for warrant for violations of section thirty-nine-a of this article shall be deemed sufficient if it is in form substantially as follows:

"State of West Virginia

County of _____, to wit:

_____, upon oath complains that:

(a) Within one year past, on the ___ day of _____, 19___, in the county aforesaid _____ did unlawfully issue and de-

(maker)

liver unto _____ his certain check of the words and figures as follows:

_____, 19___ No. ___

_____

(Name of Bank)

Pay to the order of ____ $___ Dollars

For _____

when he the said _____ did not have funds on deposit in and credit with said bank with which to pay same upon presentation against the peace and dignity of the State of West Virginia and he the said _____ therefore prays a warrant issue and that said _____

(maker)

may be apprehended and held to answer the said warrant and dealt with in relation thereto according to the law.

The appellee maintains that this Code section is unconstitutional because a complaint may contain only a recitation of the statutory elements of the offense, without requiring a statement of the underlying facts showing probable cause. More specifically, the appellee contends that the statute "requires no underlying facts to establish the actual identity of the alleged perpetrator or the basis of knowledge and reliability of the complainant."

It appears that the appellee has engaged in the kind of hypertechnical overanalysis that is unnecessary to establish probable cause in this type of case. In the often complicated world of criminal offenses, a bad check prosecution is a common and comparatively simple proceeding.[3] As a result, and as the appellant rather succinctly points out, the facts supporting a complaint are necessarily limited, because "the nature of this offense does not lend itself to diverse details.... A magistrate cannot ignore a complaint just because the essential facts of the offense do not require a probing analysis of extrinsic circumstances." "Some offenses are subject to putative establishment by blunt and concise factual allegations." *Jaben v. United States*, 381 U.S. 214, 223, 85 S.Ct. 1365, 1370, 14 L.Ed.2d 345, 352 (1965). In this case, the four bad checks in question were attached to the complaint. The checks supplement the complaint by explaining much of what transpired, thereby providing an additional informational basis upon which a magistrate may find probable cause.

**3.** In *Harman v. Frye,* 188 W.Va. 611, 425 S.E.2d 566 (1992), this Court addressed the issue of private citizens bringing criminal complaints before magistrates without prior evaluation or investigation of the complaint by proper law enforcement officials. We concluded that "[e]xcept where there is a specific statutory exception, a magistrate may not issue a warrant or summons for a misdemeanor or felony solely upon the complaint of a private citizen without a prior evaluation of the citizen's complaint by the prosecuting attorney or an investigation by the appropriate law enforcement agency." *Id.* at syl. pt. 1. However, one of the specific statutory exceptions "where a citizen's right to file a complaint would be preserved involves the issuance of a worthless check. Citizens have a statutory right, under W.Va.Code, 61-3-39a [1977], to file complaints for the issuance of a worthless check." *Id.* 425 S.E.2d at 575. This Court recognized that "[t]he legislature has most likely given citizens the right to file a complaint for the issuance of worthless checks because of the volume of these types of cases." *Id.* at 575-76.

The *Harman* holdings are reflected in the present circuit and magistrate court Criminal Rule 3, adopted effective April 1, 1993:

The complaint is a written statement of the essential facts constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred. Unless otherwise provided by statute, the presentation and oath or affirmation shall be made by a prosecuting attorney or a law enforcement officer showing reason to have reliable information and belief. If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

It is important to reiterate that the complaint for a warrant is only "the first of many steps in a criminal prosecution. Its essential function is informative, not adjudicative. 'It is enough that a fair-minded magistrate could conclude that the facts and circumstances alleged justify further criminal proceedings and that the charges are not merely capricious.'" *State v. Hoffman*, 106 Wis.2d 185, 316 N.W.2d 143, 152–53 (App.1982) (quoting *State v. Olson*, 75 Wis.2d 575, 583, 250 N.W.2d 12, 17 (1977)).

In response to the appellee's charge that W.Va.Code § 61–3–39f requires no information which establishes "the actual identity of the alleged perpetrator," we point out that W.Va.Code § 61–3–39g gives ample consideration to the person who stands accused of writing a bad check. No warrants are issued until the person believed to be the drawer of the check has been notified that the check was dishonored, and even then, the drawer may avoid the issuance of a warrant:

Such notice shall give the drawer of any such check, draft or order ten days within which to make payment to magistrate court. In the event such drawer pays the amount of the check plus court costs to the magistrate court within the ten day period no warrant shall issue. The payment may be made to the magistrate court in person or by mail by cash, certified check, bank draft or money order and, in the event such payment is made by mail, the magistrate court clerk shall forthwith mail to the maker of such check the receipt hereinbelow required. In the event such total amount is not so paid the court shall proceed with the issuance of the warrant as is provided by law.

W.Va.Code § 61–3–39g. Permitting an accused to respond prior to the issuance of a warrant provides a reasonable assurance against misidentification.

As to the need for allegations in the complaint which address the element of intent, we point out that W.Va.Code § 61–3–39c provides that the existence of a dishonored check with the reason for its dishonor printed on it is *prima facie* evidence that the check was written with knowledge of the insufficiency of funds. The rationale behind the permissive inference relevant to state-of-mind in bad check cases was explained the Supreme Court of Kansas in *State v. Haremza*, 213 Kan. 201, 207, 515 P.2d 1217, 1223 (1973):

Where a person has written an insufficient funds check and receives property or other consideration therefor from the payee of the check, and further, where the maker of the check has been notified that the check has not been paid and fails to make payment within seven days after such notice, we find that there is nothing unreasonable or arbitrary in making such fact *prima facie* evidence of fraudulent intent or guilty knowledge. It appears to us that in the usual course of things where one person gives another a check, he intends to induce such person to give up some property right in reliance that the check will be paid on presentation. The notice provision gives to the drawer of the check a final opportunity in which to make the check good and is peculiarly for his benefit. In a worthless check case it is obviously the defendant who has the more convenient access to evidence relating to his intent and knowledge. These are matters within his own head and usually are not within the knowledge of the prosecutor.

*See also State v. Adams*, 3 Ohio App.3d 50, 3 OBR 57, 443 N.E.2d 1047 (1982).

In *State v. Adams*, 152 Wis.2d 68, 447 N.W.2d 90 (App.1989), the Court of Appeals of Wisconsin stated that "[t]o be sufficient, a complaint must only be minimally adequate. This is to be evaluated in a common sense rather than a hypertechnical manner, in setting forth the essential facts establishing probable cause." *Id.* 447 N.W.2d at 92, citing *State v. Gaudesi*, 112 Wis.2d 213, 219, 332 N.W.2d 302, 305 (1983). The court outlined the following minimum requirements for a sufficient criminal complaint:

A complaint is sufficient under this standard if it answers the following five questions: "(1) Who is charged?; (2) What is the person charged with?; (3) When and where did the alleged offense take place?; (4) Why is this particular

person being charged?; and (5) Who says so? or How reliable is the informant?" *Id.,* citing *State v. White,* 97 Wis.2d 193, 203, 295 N.W.2d 346, 350 (1980).

The statutory form for worthless check violations in W.Va.Code § 61–3–39f requires that all of this information be contained in the complaint for a warrant. As a result, the probable cause determination in the case now before us was based on the following information:

(1) the petitioner's name and address (who);

(2) that she allegedly unlawfully issued and delivered the specifically described checks without ample funds on deposit in or credit with the drawee institution (what charge);

(3) the date of the check (when) and the place it was tendered (where);

(4) that there were not sufficient funds on deposit in or credit with the drawee institution to pay the check upon presentation (why charged); and

(5) the name and sworn information of the complainant (who says so).

In *Jaben v. United States, supra,* the United States Supreme Court explained that the purpose of a complaint is to enable a magistrate

... to make a neutral judgment that resort to further criminal process is justified. *A complaint must provide a foundation for that judgment. It must provide the affiant's answer to the magistrate's hypothetical question, "What makes you think that the defendant committed the offense charged?"* This does not reflect a requirement that the Commissioner ignore the credibility of the complaining witness. There is a difference between disbelieving the affiant and requiring him to indicate some basis for his allegations. Obviously any reliance upon factual allegations necessarily entails some degree of reliance upon the credibility of the source. See, e.g., *Johnson v. United States,* 333 U.S. 10, 13, 92 L.Ed. 436, 439, 68 S.Ct. 367 [368 (1948)]. Nor does it indicate that each factual allegation which the affiant puts forth

must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint. Compare *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741 [(1965)]. It simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.

*Jaben,* 381 U.S. at 224–25, 85 S.Ct. at 1371, 14 L.Ed.2d at 353 (emphasis added).

It is clear that in this case the information contained in the complaint, together with the four attached dishonored checks, provided a sufficient basis for the complainant's answer to that hypothetical question, "What makes you think that the defendant committed the offense charged?". Consequently, we conclude that the statutory complaint form in W.Va.Code § 61–3–39f is constitutionally sound; it requires a detailed itemization of the relevant facts and provides a sufficient basis for an independent determination of whether there is probable cause to proceed with a worthless check prosecution.

■ The lower court also concluded that W.Va.Code § 61–3–39f is unconstitutional because it states, in relevant part, that "a complaint for warrant for violations of section thirty-nine-a of this article need not be made upon oath before a magistrate but may be made upon oath before any magistrate court clerk...." The appellee argues that the complaints in this case are invalid because they were not sworn before a magistrate.

Rule 3 of the West Virginia Rules of Criminal Procedure and Rule 3 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia in effect in February and March, 1991, provide that "[t]he complaint is a written statement of the essential facts constituting the offense charged. *It shall be made upon oath before a magistrate.*" [4] However, Article

**4.** The present Rule 3 is essentially the same in these respects. See footnote 3 above.

VIII, Section 12 of the West Virginia Constitution states, in part, that:

> The legislature may designate the courts and officers or deputies thereof who shall have the power to issue, execute or serve such writs, warrants or any other process as may be prescribed by law, and may specify before what courts or officers thereof such writs, warrants or other process shall be returnable....

Thus, the Legislature is clearly permitted to empower magistrate court clerks with the authority to take sworn complaints for worthless check violations, as it did in W.Va.Code § 61–3–39f. This type of delegation in a simple proceeding such as a worthless check prosecution is consistent with the purpose expressed in Rule 2 of the West Virginia Rules of Criminal Procedure and Rule 2 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, which state that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay."

This conclusion is also consistent with the United States Supreme Court's decision in *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), in which the Court upheld the issuance of warrants by the Clerk of the Municipal Court of Tampa, and thereby rejected "any *per se* invalidation of a state or local warrant system on the ground that the issuing magistrate is not a lawyer or judge." 407 U.S. at 352, 92 S.Ct. at 2124. The Court explained that "[c]ommunities may have sound reasons for delegating the responsibility of issuing warrants to competent personnel other than judges or lawyers. Many municipal courts face stiff and unrelenting caseloads. A judge pressured with the docket before him may give warrant applications more brisk and summary treatment than would a clerk." *Id.* at 352–53, 92 S.Ct. at 2124. The Court concluded that "[s]tates are entitled to some flexibility and leeway in their designation of magistrates, so long as all are neutral and detached and capable of the probable-cause determination required of them." *Id.* at 354, 92 S.Ct. at 2124.

Because we have determined that W.Va. Code § 61–3–39f is constitutional, we reverse the June 11, 1992, order of the Circuit Court of Jefferson County and remand this case to that court for proceedings consistent with this opinion.

Reversed and remanded.