575 S.E.2d 209

STATE of West Virginia ex rel. Michael CLIFFORD, Prosecuting Attorney for Kanawha County, Petitioner,

v.

Honorable James STUCKY, Judge of the Circuit Court of Kanawha County, and Scott Allred, Respondents.

No. 30739.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 13, 2002.

Decided Nov. 27, 2002.

David A. Bishop, Assistant Prosecuting Attorney, Charleston, West Virginia, for the Petitioner.

William S. Thompson, Cook & Cook, Madison, West Virginia, for the Respondent, Scott Allred.

ALBRIGHT, Justice.

In this original proceeding in prohibition the relator, the State of West Virginia (hereinafter "the State"), prays that this Court prohibit the respondent, James M. Stucky, Judge of the Circuit Court of Kanawha County, from dismissing an appeal of a magistrate court conviction of respondent Scott Allred for a battery misdemeanor. The State claims that the lower court exceeded its authority by dismissing the criminal appeal on the ground that the failure of a magistrate to mark a box on a criminal complaint form indicating that the allegations in the complaint established probable cause constituted a fatal error in the charging document. After reviewing the filed documents and in consideration of the points argued, this Court grants the relator the relief sought.

## I. Factual and Procedural Background

Mr. Allred was charged by criminal complaint in magistrate court on February 26, 2001, with committing the misdemeanor of battery on or about February 24, 2001, by striking a named victim with his fists "IN THE 900 BLOCK OF KANAWHA BLVD. CHARLESTON, KANAWHA COUNTY, W.V." The magistrate who signed the criminal complaint filed by a patrolman with the Charleston Police Department issued a summons for Mr. Allred to appear to answer to the charges. The summons, also signed by the magistrate, recited in its first line that probable cause had been found to believe that the defendant had committed the offense set forth in the complaint.

On February 8, 2002, a bench trial was held before a magistrate.[1] As a result of the trial, Mr. Allred was found guilty as charged, sentenced to twelve months home confinement and ordered to pay a $500 fine as well

as restitution in the amount of $800. It is undisputed that the defense did not raise the issue of errors or omissions in the charging document during the proceedings in magistrate court. It was not until the July 19, 2002, de novo hearing on the appeal of the magistrate court conviction[2] that irregularities with the complaint were raised by the circuit judge sua sponte. One of the errors noted by the judge below was found to be a clerical error, which the court deemed harmless. A second concern raised by the lower court judge at the hearing on July 19 was that neither box appearing on the criminal complaint relating to a probable cause finding had been checked or blackened by the magistrate who signed the complaint and issued the summons to appear.

According to the State and undisputed by the respondents, it was not until after the lower court judge raised the probable cause issue as a serious flaw in the criminal complaint that Mr. Allred made a motion to dismiss based on this omission on the complaint. The motion to dismiss the appeal was granted, with the underlying reason for doing so stated in the August 13, 2002, dismissal order as:

> 3) The criminal complaint, a preprinted form, was signed by the Honorable Magistrate Kinder but did not have a check in the probable cause found box.

> 4) The failure of Magistrate Kinder to check the probable cause found box is not a harmless error, defect, irregularity or variance, but an error or defect, irregularity or variance which substantially affected the rights of the defendant SCOTT ALLRED.

In order to bar the dismissal of the magistrate court criminal appeal by the lower court, the State filed this petition for a writ of prohibition, claiming that the basis for the dismissal was clearly erroneous as a matter of law.

## II. Standard of Review

■■■ A very narrow avenue by which the State may seek review by this Court of a

---

1. The trial magistrate was not the same magistrate who had processed the complaint and issued the summons.

2. *See* W.Va.Code § 50–5–13(b) (appeals from magistrate court criminal bench trials are heard de novo by the circuit court without a jury).

circuit court's ruling with respect to criminal matters is the writ of prohibition. We explained the proper circumstances from which the State may petition this Court for such review in syllabus point five of *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992):

> The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Because the State in the present case has met all of the necessary prerequisites of *Lewis*, we proceed with setting forth the standards upon which our decision regarding issuance of the writ is made.

 We have said as a general rule that the extraordinary remedy of "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers[.]" Syl. Pt. 1, in part, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). Consequently a writ of prohibition issues from this Court "to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate[.]" Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979). Additionally, we note that

> [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Being persuaded in the instant case that the State has no other adequate means to obtain the relief from an alleged legal error of the lower court regarding a matter of law which this Court has not previously addressed and which may be subject to frequent repetition, we have agreed to consider this petition.

### III. Discussion

This petition raises but one issue: Whether the circuit court erred in its legal conclusion that the charging document in this case was fatally flawed because no "probable cause" box appearing on the criminal complaint form [3] was checked or otherwise marked. The State maintains that when the criminal complaint and the summons to appear are viewed together, it is clear that the magistrate had to make a probable cause determination, whether or not any box was marked on the front of the criminal complaint. As pointed out by the State, the first sentence on the summons to appear in this case, which was signed by the same magistrate who signed the complaint and was dated the same day as the complaint, reads:

> This court has found probable cause to believe that (as alleged in the attached

---

**3.** This Court, through its Administrative Office, supplies a number of preprinted forms for use by the magistrate courts in recognition of these courts being statutorily designated as courts of limited record. *See* W.Va.Code § 50–5–8. Among these forms are the criminal complaint and summons to appear at issue in this case.

complaint) you, [ ] SCOTT ANTHONY ALLRED, did commit an offense or offenses in this county on the 24TH day of FEBRUARY, 2001, previous to the issuance of this summons, by unlawfully ... MAK[ ][ING] PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE AND UNLAWFULLY AND INTENTIONALLY CAUS[ ][ING] PHYSICAL HARM ... against the peace and dignity of the State.

We agree with the State's position for the following reasons.

The general way in which a criminal prosecution is begun and the first step in obtaining a warrant through the magistrate courts is by filing "a complaint in accordance with the requirements of rules of the supreme court of appeals." W.Va.Code § 50–4–2 (1997) (Repl.Vol.2000). Rule 3 of the Rules of Criminal Procedure for Magistrate Courts,[4] in part, explains that:

> The complaint is a written statement of the essential facts constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred.... If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

Rule 4(a) of the magistrate court criminal rules addresses probable cause determinations with respect to arrest warrants and summonses to appear in the following way:

> If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall [be]issue[d] [by the magistrate].... Within the discretion of the magistrate a summons instead of a warrant may issue.

Mag. Ct. R.Crim. P. 4(a).[5]

The probable cause requirement has its roots in our state and federal constitutions.

Article 3, Section 6 of the West Virginia Constitution demands that "[n]o warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing ... the person ... to be seized." *See also* U.S. Const. amend. IV. We have had occasion to examine the facts and circumstances which are sufficient to support the constitutionally prescribed finding of probable cause. *See, e.g., State v. Schofield,* 175 W.Va. 99, 104, 331 S.E.2d 829, 834–35 (1985) (an affidavit for an arrest warrant stating only that a victim was shot to death does not enable a magistrate to independently conclude that sufficient probable cause exists to issue an arrest warrant); *State ex rel. Walls v. Noland,* 189 W.Va. 603, 433 S.E.2d 541 (1993) (sufficiency of probable cause in statutorily prescribed complaint for prosecution of worthless check offenses). However, the issue before us is not whether the facts in the complaint are sufficient to establish probable cause, but rather whether a finding of probable cause has to be denoted on the complaint form by marking a box when the related summons issued for the accused expressly recited that probable cause had been found.[6]

 It is clear from the relevant language of our constitutions, statutes and court rules that there is no manner by which the probable cause determination of a magistrate is required to be memorialized, including marking a box on a form. These authorities provide only that a magistrate must make a probable cause determination before issuing an arrest warrant or summons to appear. Accordingly, we hold that the documents initiating a criminal prosecution in magistrate court, when taken as a whole, must clearly indicate that a probable cause determination has been made by a magistrate before a warrant for arrest or summons to appear was issued. When the complaint in the present case is examined in tandem with the summons to appear, there is a clear indication that probable cause was found by the

---

4. *See also* R.Crim. P. 3.

5. *See also* R.Crim. P. 4.

6. During oral argument before this Court, Mr. Allred's counsel acknowledged that the facts presented in the criminal complaint in the underlying case were sufficient to establish probable cause.

magistrate before the summons issued. As a result, we find that the circuit judge erred in this case when he found that the failure of the magistrate to check the "probable cause found box" was more than an oversight or omission which a lower court could have corrected at any time. R.Crim. P. 36 (circuit courts); Mag. R.Crim. P. 27 (magistrate courts).

Magistrates should not take our conclusion in this case as license to disregard the boxes printed on the complaint form for their use in the disposition of a complaint. Acting in its administrative capacity, this Court has made those complaint forms available to all magistrate courts in the state, with instructions for their use, as convenient instruments upon which criminal complaints may be drawn, necessary oaths recorded and initial dispositions noted. It is expected that the forms will be used for the purposes intended. Moreover, this opinion does not foreclose the possibility that under another set of facts and evidence, the failure of a magistrate to fill in any applicable section of these criminal forms may produce an opposite result. Magistrates are expected to remain faithful to performance of their duties which includes conscientiously and diligently completing all necessary paperwork.

Based upon the foregoing, we grant the writ of prohibition and remand the case to the circuit court for further proceedings.

Writ granted.