# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0092** (Lewis County 16-M-AP-3)

**Jimmy Ray Bonnett Jr.,**
**Defendant Below, Petitioner**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jimmy Ray Bonnett Jr., by counsel Jeremy B. Cooper, appeals the Circuit Court of Lewis County's January 4, 2017, order denying his appeal of a magistrate court jury verdict. The State of West Virginia, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that he was not prejudiced by the State's amendment of the criminal complaint during trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

By criminal complaint filed in magistrate court on March 8, 2015, petitioner was charged with domestic battery. The criminal complaint set forth that petitioner violated the domestic battery statute, and the portion of the criminal complaint form in which the statutory language of the offense was to be listed was completed as follows: "[a]ny person who unlawfully and intentionally makes physical contact of an insulting and provoking nature with his or her family or household member or unlawfully and intentionally causes physical harm to his or her family member[,]" which tracks the language of the 2011 version of the statute. The facts alleged in support of this charge were that petitioner "unlawfully and intentionally ma[d]e contact of an insulting or provoking nature by slapp[ing] and push[ing] the victim[.]"

On March 29, 2016, a jury trial commenced in magistrate court. After opening statements, petitioner moved to dismiss the domestic battery charge on the ground that the criminal complaint included language from a prior version of the domestic battery statute.[1] In

---

[1]The 2011 version of the domestic battery statute provided that

(continued . . .)

1

other words, it included language not in effect at the time petitioner committed the offense. The State, in response to the motion, moved to amend the complaint to update the statutory language. The magistrate court granted the State's motion. The State then crossed-out the 2011 language and amended the criminal complaint to include the updated statutory language as follows: "[a]ny person who unlawfully and intentionally makes physical contact force capable of causing physical pain or injury with his or her family or household member or unlawfully and intentionally causes physical pain to his or her family or household members." Additionally, the facts in support of the charge were amended to include that petitioner "did unlawfully and intentionally make physical contact force capable of causing physical pain or injury by slapping and pushing the victim[,]" and the terms "a family or household member" were added. Previously-asserted facts that comported with the prior version of the statute were crossed out and replaced with the handwritten updates provided above.

Trial resumed, and petitioner was found guilty of domestic assault, a lesser-included offense of domestic battery. Petitioner moved for a new trial, which was denied by the magistrate court. Petitioner then filed a "Petition for Appeal" with the circuit court asserting various alleged errors. Of specific relevance to the instant appeal is the circuit court's ruling that no error resulted from the State's amendment of the criminal complaint pursuant to Rule 6 of the West Virginia Rules of Criminal Procedure for Magistrate Courts. By order entered on January 4, 2017, the circuit court denied petitioner's petition for appeal and affirmed the magistrate court's judgment. It is from this order that petitioner appeals.

We have previously articulated the following standard of review:

---

> [a]ny person who unlawfully and intentionally makes physical contact of an insulting or provoking nature with his or her family or household member or unlawfully and intentionally causes physical harm to his or her family or household member, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in a county or regional jail for not more than twelve months, or fined not more than five hundred dollars, or both.

W.Va. Code § 61-2-28(a) (2011). That version remained in effect until June 12, 2014. Following the 2014 amendments and at the time petitioner was alleged to have committed domestic battery, the domestic battery statute provided that

> [a]ny person who unlawfully and intentionally makes physical contact force capable of causing physical pain or injury to his or her family or household member or unlawfully and intentionally causes physical harm to his or her family or household member, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not more than twelve months, or fined not more than $500, or both fined and confined.

*Id.* at § 61-2-28(a) (2014).

2

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-pronged deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 429 S.E.2d 167 (1997).

Petitioner argues on appeal that the criminal complaint should have been dismissed and that he was prejudiced by the amendment. Petitioner cites West Virginia Code § 62-1-1 for the proposition that "a basic requirement of a criminal complaint is that it sets forth the offense charged," and argues that the criminal complaint here was defective for failing to set forth an offense, and asserts that this defect warranted dismissal. While acknowledging that criminal complaints and indictments are "not comparable in every circumstance," petitioner relies upon *State v. Johnson*, 219 W.Va. 697, 639 S.E.2d 789 (2006), to support his contention that the criminal complaint should have been dismissed for failing to charge an actual offense. *Id.* at 698, 639 S.E.2d at 790, Syl. Pt. 5, in part ("Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.")

To begin, we note that West Virginia Code § 62-1-1 provides only that "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a justice of the peace." We have noted that criminal complaints are "the first of many steps in a criminal prosecution. [Their] essential function is informative, not adjudicative. It is enough that a fair-minded magistrate could conclude that the facts and circumstances alleged justify further criminal proceedings and that the charges are not merely capricious." *State ex rel. Walls v. Noland*, 189 W.Va. 603, 606, 433 S.E.2d 541, 544 (1993) (internal quotations and citation omitted). A criminal indictment, on the other hand, is

sufficient under Article III, § 14 of the West Virginia Constitution and W.Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. Pt. 6, in part, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999). As petitioner acknowledges, these pronouncements make clear that the sufficiency of a criminal complaint is judged differently from a criminal indictment. Thus, we decline to find, pursuant to *Johnson*, that the criminal complaint was so defective that dismissal was the proper remedy.

Petitioner also argues that, although Rule 6 of the West Virginia Rules of Criminal Procedure for Magistrate Courts allows for the amendment of a criminal complaint, the amendment prejudiced his substantial rights. Petitioner relies on this Court's articulation of what constitutes "substantial rights" where the plain error doctrine is applied to conclude that his substantial rights have been prejudiced. In the plain error context, we have held that

[i]n determining whether the assigned plain error affected the 'substantial rights' of a defendant, the defendant need not establish that in a trial without the error a reasonable jury would have acquitted; rather, the defendant need only demonstrate the jury verdict in his or her case was actually affected by the assigned but unobjected to error.

Syl. Pt. 3, *State v. Marple*, 197 W.Va. 47, 475 S.E.2d 47 (1996). Petitioner contends that amending a purportedly void complaint no doubt changed the outcome of his trial because, without the amendment, he could not have been convicted. Therefore, petitioner argues that his substantial rights were violated and that the courts erred in concluding that dismissal was not necessary.

Petitioner's argument is based on the premise that the criminal complaint was so defective that dismissal was the only remedy. As set forth above, we do not agree. Additionally, Rule 6 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia provides as follows:

(a) Amendment. Upon motion, the magistrate shall permit the complaint, warrant, summons or any other document to be amended at any time before verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

(b) Harmless Error. Error in the citation of the statute or rule or regulation which the defendant is alleged to have violated, or the omission of the citation shall not be ground for dismissal or for reversal of a conviction if the error or omission did not mislead the defendant to his or her prejudice.

Petitioner acknowledges that the amendment was made prior to the jury's verdict and that the complaint was not amended to charge an additional or different offense. Petitioner acknowledged at the hearing on his petition for appeal in the circuit court that, "I think it would be disingenuous to stand here and say we didn't know he was charged with [d]omestic [b]attery." Petitioner does not claim that he was unable to mount a defense as a result of the late amendment. Thus, we do not find that petitioner's substantial rights were violated.

For the foregoing reasons, the circuit court's January 4, 2017, order denying petitioner's appeal of a magistrate court jury verdict is hereby affirmed.

Affirmed.

**ISSUED:** January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker